ENDORSEMENT NO: 6

.lis endorsement, effective 12:01 am, 7/01/01  
of policy number NDA0200230-01    forms part

issued to: CBC

by: HARTFORD INSURANCE CO. OF IL.

# SECURITIES OFFERING ENDORSEMENT

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

It is agreed that Section IX., GENERAL CONDITIONS, is amended by adding the following:

J.    SECURITIES OFFERING PROVISION

If during the **Policy Period** the **Company** announces or agrees to sell, offer to sell or solicit offers to purchase any type of security representing equity interest in or debt obligation of the **Company** on either a public or private placement basis, whether or not a prospectus has been or will be issued, written notice of such announcement or agreement shall be given to the Insurer **c/o The Hartford, Hartford Plaza, Hartford, Connecticut 06115 ATTN: Financial Institutions, Financial Products Division,** as soon as practicable, but in no event later than SIXTY ($60$) days after the effective date of the announcement or agreement, together with such information as the Insurer may request. The Insurer, at its sole option, may make a premium adjustment or coverage revisions as it deems necessary. If the **Parent Company** fails to give such notice, provide such information, pay such additional premium or agree to such coverage revisions, any **Claim** for, based upon, arising from, or in any way related to such sale, offer to sell, solicitation of offers to purchase or any other subsequent purchase, sale or offer to purchase or sell such securities shall not be covered under this Policy.

All other terms and conditions of this Policy remain unchanged.

DO 00 R342 00 0696

ENDORSEMENT NO:   7

This endorsement, effective 12:01 am,   7/01/01   forms part
policy number   NDA0200230-01

issued to:   CBC

by:   HARTFORD INSURANCE CO. OF IL.


# EMPLOYMENT PRACTICES LIABILITY ENDORSEMENT
# WITH ENTITY COVERAGE

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

It is agreed that this Policy shall be amended as follows:

I.  The following additional Insuring Agreement shall be included in Section I., INSURING AGREEMENTS:

   **(D) EMPLOYMENT PRACTICES LIABILITY**

   The Insurer will pay on behalf of the **Insured(s) Loss** which the **Insured(s)** shall become legally obligated to pay as a result of an **Employment Practices Claim** first made during the **Policy Period** or **Discovery Period**, if applicable, against the **Insured(s)** for a **Wrongful Act** which takes place during or prior to the **Policy Period**.

II. Solely for purposes of the extension of coverage under this Endorsement, the following definitions shall apply:

   (1) "**Employment Practices Claim**" means a **Claim** by or on behalf of a past, present or prospective employee of the **Company** which, in whole or in part, is based upon or arises from any actual or alleged wrongful dismissal, discharge or termination (either actual or constructive) of employment, sexual or workplace harassment, unlawful employment discrimination, wrongful failure to hire or promote, wrongful discipline, failure to grant tenure, negligent employment evaluation, invasion of privacy, employment-related defamation, or employment-related wrongful infliction of emotional distress.

   (2) Section IV.(D), "**Directors**" and/or "**Officers**", subsection (2) shall be deleted and replaced with the following:

      (2) with respect to an **Employment Practices Claim** or a **Securities Claim** only, any other natural persons who were, now are or shall hereafter be employees of the **Company**.

   (3) Section IV.(J) shall be amended such that "**Loss**" shall not include: (i) damages awarded or settlement amounts in the form of or in lieu of compensation or severance benefits, paid or payable pursuant to a contract of employment, other than an employee handbook, or (ii) damages, costs or expenses incurred by an **Insured** in making physical changes, modifications, alterations or improvements as part of an accommodation of any disabled person pursuant to the Americans with Disabilities Act of 1990 or any similar, federal, state or local law.

III. Solely with respect to an **Employment Practices Claim**, Section V., EXCLUSIONS, shall be amended as follows:

   (1) Exclusion (A) shall be deleted and replaced with the following:

DO 00 R492 00 0598                                                                                       Page 1

ENDORSEMENT NO:   7

(3) Except for Sections V., EXCLUSIONS, (L) and VI., LIMITS OF LIABILITY, RETENTION AND COINSURANCE, (H), wherever this Policy refers to "INSURING AGREEMENT (C)" or "INSURING AGREEMENTS (B) and (C)", such references shall be deleted and replaced with "INSURING AGREEMENTS (C) and (D)" or "INSURING AGREEMENTS (B), (C) and (D)", as appropriate.

(4) The last paragraph of Section I., INSURING AGREEMENTS and Section III., CLAIMS EXPENSES, SETTLEMENTS AND COOPERATION, (D), shall be amended such that **"Securities Claim"** shall be deleted and replaced with **"Securities Claim** and/or **Employment Practices Claim"**.

All other terms and conditions of this Policy remain unchanged.

# EXHIBIT B

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MARSHALL ASCHE, STEVEN B. LEVINE, TIMOTHY S. REED, MARCIAL CUEVAS and JACK WILLIAM DUNLAP,<br><br>        Plaintiffs,<br><br>v.<br><br>HARTFORD INSURANCE COMPANY OF ILLINOIS,<br><br>        Defendant. | Case No. 303CV0416 PCD |

## AFFIDAVIT OF JAMES PALERMINI

I, James Palermini, being duly sworn according to law, depose and say as follows:

1.    I am Assistant Vice President and Claims Counsel for Hartford Financial Products ("Hartford"). My business address is 2 North La Salle Street, 25th Floor, Chicago Illinois 60602. I have personal knowledge of the matters set forth in this affidavit.

2.    CBC did not purchase the Discovery Period for its Policy No. NDA 0200230-01.

3.    Attached hereto as Exhibit 1 are true and correct copies of letters dated October 17, October 21 and November 8, 2002, giving notice to Hartford of the Megaler Action.

4.    Attached hereto as Exhibit 2 is a true and correct copy, as provided to Hartford, of a Notice of Assessment of Civil Money Penalties by the FDIC, captioned In

the Matter of: Randolph W. Lenz, J. Donald Weand, Jr., Marcial Cuevas, Jack W. Dunlap, Steven B. Levine, Brian A. Marks, and Marshall C. Asche, individually and as former institution-affiliated parties of Connecticut Bank of Commerce, Stamford, Connecticut, Case Nos. FDIC-02-174e; FDIC-02-158e; FDIC-02-160c&b; FDIC-02-161c&b; FDIC-02-175k; FDIC-02-176k; FDIC-02-177k; FDIC-02-178k; FDIC-02-179k; FDIC-02-180k; FDIC-02-181k; FDIC-02-182k ("FDIC Proceeding").

5. Attached hereto as Exhibit 3 is a true and correct copy, as provided to Hartford, of an Intent to Impose Civil Penalties upon Brian Marks by the State of Connecticut, Department of Banking ("CDOB Proceeding").

6. Attached hereto as Exhibit 4 is a true and correct copy of a letter by counsel for Brian Marks to Hartford, dated December 4, 2002, providing Hartford with a copy of the CDOB Proceeding and the FDIC Proceeding.

7. Attached hereto as Exhibit 5 is a true and correct copy of a letter dated January 10, 2003 to Hartford from Charles A. Stewart, Esq. with a true and correct copy, as received by Hartford, of a letter addressed to Steven B. Levine dated January 3, 2002 from Robert A. Slavitt, Esq.

8. Attached hereto as Exhibit 6 is a true and correct copy of a letter to Hartford from Darren Schulman of CBC with a true and correct copy, as received by Hartford, of the Prompt Corrective Action Directive Ordering Dismissal dated June 25, 2002. The letter did not enclose any other documents.

9. Attached hereto as Exhibit 7 is a true and correct copy of correspondence to Hartford dated July 1, 2002, to Hartford from CBC's insurance broker, Swett &

Crawford, comprised of a letter, a General Liability Notice of Occurrence/Claim form and news articles.

10. Attached hereto as Exhibit 8 is a true and correct copy of a letter dated July 26, 2002, addressed to Swett & Crawford from John S. Diaconis of Hartford.

11. Hartford received no response to the July 26, 2002, letter from any Insured.

12. Prior to 12:01 a.m. on July 1, 2002, Hartford did not receive any of the following materials: (a) the June 25, 2002 letter from the FDIC to CBC's Board of Directors describing the April 1, 2002 Joint Examination; (b) the June 25, 2002 letter from the CDOB to CBC's Board describing the Joint Examination; (c) the CDOB's *ex parte* application to the Superior Court for an order appointing the FDIC as Receiver; (d) the November 30, 2001 Cease and Desist Order; or (e) the Superior Court Order appointing the FDIC as Receiver.

[signature]

Sworn to and subscribed
Before me this 2 day of
Dec , 2004

Virginia M. Haddon
Notary Public

OFFICIAL SEAL
VIRGINIA M HADDON
NOTARY PUBLIC  STATE OF ILLINOIS
MY COMMISSION EXPIRES 07/01/07

# EXHIBIT 1

# EXHIBIT 1

LOS ANGELES
MIAMI
NEW YORK
PALO ALTO
SAN FRANCISCO
WASHINGTON, D.C.

BERLIN
BRATISLAVA
BRUSSELS
BUDAPEST
DRESDEN
DÜSSELDORF
FRANKFURT
HAMBURG
HELSINKI
ISTANBUL
LONDON
MILAN
MOSCOW
PARIS
PRAGUE
ROME
STOCKHOLM
WARSAW

# WHITE & CASE
LIMITED LIABILITY PARTNERSHIP

1155 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10036-2787

TELEPHONE: (1-212) 819-8200
FACSIMILE:  (1-212) 354-8113


DIRECT DIAL: (212) 819-8252
E-MAIL: GKurtz@whitecase.com

ALMATY
ANKARA
BANGKOK
BOMBAY/MUMBAI
HO CHI MINH CITY
HONG KONG
JAKARTA
SHANGHAI
SINGAPORE
TOKYO

BAHRAIN
JEDDAH
RIYADH

MEXICO CITY
SÃO PAULO

JOHANNESBURG

October 17, 2002

VIA FEDEX

The Hartford
690 Asylum Avenue
Hartford Plaza
Hartford, CT 06115

Attn:  D&O Claims   New York

Re:  Connecticut Bank of Commerce,
     Policy No. NDA 0200230-01

Dear Sir/Madam:

    Enclosed is a copy of a Summons and Complaint that was filed against Brian Marks, a former director of Connecticut Bank of Commerce, captioned <u>Megaler, S.A.</u> v. <u>Randolph Lenz et al.</u>, No. 02 CV 7925 in the United States District Court, Southern District of New York. The case has been assigned to Judge Preska. The Hartford was previously advised, no later than June 26, 2002, of the potential claims against directors and officers of Connecticut Bank of Commerce. A response to the complaint filed is due by November 4, 2002. Mr. Marks hereby requests that The Hartford defend and indemnify him with respect to the referenced action, and any other action filed arising out of the same subject matter. In light of impending deadline for responding to the complaint, please promptly advise as to whether The Hartford will approve the undersigned as counsel to Mr. Marks.

                                                      Sincerely,

                                                      Glenn M. Kurtz /gmb

GMK:gmb

Enclosure

cc:  Brian A. Marks, Esq.

NEWYORK 957515 v1 (2K)

917 4,
44
2351

0229-96

LAW OFFICES

## WEINSTEIN & WISSER, P.C.

A PROFESSIONAL CORPORATION

29 SOUTH MAIN STREET

SUITE 207

WEST HARTFORD, CONNECTICUT 06107

RICHARD P. WEINSTEIN
KERRY MARC WISSER*
NATHAN A. SCHATZ

(860) 561-2628

TELECOPIER
(860) 521-6150

October 21, 2002

*ALSO ADMITTED IN PA

**LAW DEPARTMENT**

**OCT 25 '02**

**RECEIVED**

The Hartford
Hartford Plaza
Hartford, CT 06115

RE:   **Connecticut Bank of Commerce/Policy # NDA0200230-01**

To Whom It May Concern:

Please be advised that this office represents Dr. Steven Levine, who has been sued by Megaler, S.A. in the Federal District Court, Southern District of New York. A copy of the complaint is attached hereto. We believe that this is a covered loss under the Directors and Officers liability insurance policy, which was issued by your company for the Connecticut Bank of Commerce. The allegations and claims fall within the time period for coverage, and accordingly, demand is made that your company provide a defense to Dr. Levine and cause an attorney to enter an appearance on his behalf as soon as possible.

Very truly yours,

Richard P. Weinstein

RPW:lmv

Enclosure

cc:   Dr. Steven Levine

# Day, Berry & Howard LLP
COUNSELLORS AT LAW

David J. Elliott
Direct Dial: (860) 275-0196
Email: djelliott@dbh.com

November 8, 2002

*VIA CERTIFIED MAIL*
*RETURN RECEIPT REQUESTED*

The Hartford
Attention: D&O Claims
Hartford Plaza
Hartford, CT 06115

Re:   Insured:     Connecticut Bank of Commerce
      Insurer:     Hartford Insurance Company of Illinois
      Matter:      *Megaler, S.A. v. Lenz, et al., 02 Civ. 7925 (LAP) (S.D.N.Y.)*
      Policy:      Directors, Officers and Company Liability Policy
      Policy No.   NDA0200230-01
      NOTICE OF CLAIM

Dear Sir or Madam:

Notice is hereby given under the terms of the Insuring Agreements set forth in the Directors, Officers and Company Liability Policy issued by The Hartford to Connecticut Bank of Commerce (the "Policy") of a lawsuit asserting claims covered under the Policy. This notice is given on behalf of our clients, Marshall Asche, Steven B. Levine, Marcial Cuevas, Jack William Dunlap and Timothy S. Reed (the "Individual Defendants"), all of whom are former directors of the Connecticut Bank of Commerce ("CBC"). I am enclosing herewith a copy of the Complaint in the matter *Megaler, S.A. v. Randolph Lenz, Marshall Asche, Steven B. Levine, Brian Marks, Timothy S. Reed, Marcial Cuevas, Jack William Dunlap and Eduardo P. Martin*, Civil Action No. 02 Civ. 7925 (LAP) which has been filed in the United States District Court for the Southern District of New York. We became aware of this lawsuit via service on our clients on October 17, 2002. The lawsuit is dated October 3, 2002 and was filed in the New York federal court on October 4, 2002.

The Complaint is an action by Megaler, S.A. principally alleging negligence and negligent supervision as regards the Individual Defendants. The gravamen of the Complaint is that allegedly one week after an examination of CBC by the Connecticut Banking Department and the Federal Deposit Insurance Corporation revealed weakness in the financial condition of CBC, a CBC officer made representations to Megaler, S.A. inducing it to deposit $2,693,103.18

Day, Berry & Howard LLP

The Hartford
November 8, 2002
Page 2

approximately three weeks prior to a court order closing the bank. The Complaint does not assert any federal law claims and was filed in federal court on the purported basis of diversity jurisdiction.

The Individual Defendants intend to fully cooperate with The Hartford with respect to this claim, which we believe is covered under the Policy. The Individual Defendants have retained Day, Berry & Howard as their counsel in this case. They request that The Hartford approve their retention of Day, Berry & Howard and advance their defense costs, fees and expenses.

Previous notice of potential claims arising under the Policy was given by CBC by letter to The Hartford dated June 26, 2002. Previous notice of the <u>Megaler</u> lawsuit was given on behalf of Director Levine by letter to The Hartford dated October 21, 2002 from his counsel, Richard P. Weinstein.

We would appreciate a prompt response from The Hartford confirming coverage and the advancement of defense costs, fees and expenses in this matter. At present, the Individual Defendants have moved for an extension of time through and including December 6, 2002 within which to respond to the Complaint.

We look forward to working with you on this matter.

Very truly yours,

David J. Elliott

Enclosure
cc:   Mr. Marshall Asche
      Andrew P. Gaillard, Esq.

# EXHIBIT 2

NOV-25-2002 13:35 FROM:G-LOG LEGAL          2039254894          TO:212+819+7583          P.002/060



**Federal Deposit Insurance Corporation**
550 17th Street NW, Washington, DC 20429

Division of Supervision and Consumer Protection

November 22, 2002

CERTIFIED - RETURN RECEIPT REQUESTED

Mr. Brian A. Marks
33 Winoca Road
Fairfield, Connecticut 06432

Subject:   In the Matter of
           Brian A. Marks
           Connecticut Bank of Commerce
           Stamford, Connecticut
           Docket No. FDIC-02-178k
           Civil Money Penalty Proceeding

Dear Mr. Marks:

You are hereby advised that the Federal Deposit Insurance Corporation (FDIC) has today issued a Notice of Assessment of Civil Money Penalties, Findings of Fact and Conclusions of Law, Order to Pay, and Notice of Hearing against you, individually and as an institution-affiliated party of Connecticut Bank of Commerce, Stamford, Connecticut, pursuant to section 8(i) of the Federal Deposit Insurance Act (12 U.S.C. section 1818(i)).

Copies of the FDIC's Notice of Assessment of Civil Money Penalties, Findings of Fact and Conclusions of Law, Order to Pay, and Notice of Hearing are enclosed. You will note that the Order to Pay provides that you may request a hearing pursuant to Part 308 of the FDIC's Rules of Practices and Procedures. Any request for a hearing must be filed in writing with the Office of Financial Institution Adjudication, 1700 G Street, N.W., Washington, D.C. 20552, and must be made within twenty (20) days after receipt of the Notice of Hearing. If you decide to request a hearing, you must file an answer within twenty (20) days after receipt of the accompanying Notice of Hearing. If no hearing is requested, the penalty assessed pursuant to the Order to Pay is to be paid within sixty (60) days of the date of receipt of the Order to Pay. Checks should be made to the order of the U.S. Treasury and sent to the Cash Management Office, Federal Deposit Insurance Corporation, 550 17th Street, N.W., Washington, D.C. 20429.

-2-

Originals of all papers filed in this proceeding shall be served upon the Office of Financial Institution Adjudication, 1700 G Street, N.W., Washington, D.C. 20552. Copies of all papers filed in this proceeding shall be served upon the Executive Secretary Office, Federal Deposit Insurance Corporation, 550 17th Street, N.W., Washington, D.C. 20429; the Legal Division, Compliance and Enforcement Section, Washington, D.C. 20429; and upon the Regional Counsel (Supervision), Boston Regional Office, 15 Braintree Hill Office Park, Suite 100, Braintree, Massachusetts 02184

Sincerely,

Michael J. Zamorski
Director

Enclosures