NOV-25-2002 13:43 FROM:G-LOG LEGAL         2039254894          TO:212+819+7583          P.034/060

were poorly underwritten and risky, and that the Board of Directors did not have sufficient time or information to adequately evaluate the proposed credits.

h)   Recommending or acquiescing in the approval of some or all of the 3/22 Loans, the 6/21 Loans, the Additional Related Loans, the 6/23 New Loans, and the 6/23 Extensions, despite the fact that he knew they were fraudulent, unsafe or unsound, in violation of the Bank's loan policy, and/or in violation of law or regulation.

i)   Voting for approval of some or all of the 6/21 Loans, and the Additional Related Loans, despite the fact that he was not a CBC director and that he knew the credits were fraudulent, unsafe or unsound, in violation of the Bank's loan policy, and/or in violation of law or regulation.

j)   Aiding and abetting Respondent Lenz in violating CBC's conflict of interest policy.

k)   Causing CBC to violate the C&D by participating in the discussion and approval of the 6/23 New Loans and 6/23 Extensions, knowing that such loans did not comply with the requirements of the Order.

l)   Violating, or causing or permitting CBC to violate Reg. O with respect to some or all of the 3/22 Loans, the 6/21 Loans, the Additional Related Loans, and the 6/23 Extensions, in that those loans:

>   i)   were not made on substantially the same terms and following credit underwriting procedures that were not less stringent than those prevailing at the time for comparable transactions by CBC with other persons not covered by Reg O;

ii) involved more than the normal risk of repayment or presented other unfavorable features;

iii) were not approved in advance by a majority of CBC's Board of Directors with the interested party abstaining from participating directly or indirectly in the voting;

iv) exceeded the "Individual Lending Limit" set forth in paragraphs 215.2(i) and 215.4(c) of Reg O;

v) exceeded the "Aggregate Lending Limit" set forth in paragraph 215.4(d) of Reg O, when aggregated with all of the other outstanding extensions of credit by CBC to "insiders;" or,

vi) exceeded the additional limitations on loans to executive officers set forth in paragraph 215.5(a) of Reg O.

m) Causing or permitting CBC to operate with materially false records.

n) Preparing or directing the preparation of Status Reports containing incomplete, misleading or false underwriting information.

o) Recommending large, high risk loans for approval by CBC's Board and/or Credit Committee in disregard of prudent loan underwriting criteria and safe and sound banking practices, for the benefit of Respondent Lenz.

p) Causing or permitting the inclusion of false or materially inaccurate information in the Officer's Questionnaire provided to the FDIC as part of the 2001 and 2002 examinations.

q) Knowingly exceeding his lending authority by directing the disbursement of loan proceeds for loans that lacked requisite CBC Board or Credit Committee approval.

r)  Failing to provide adequate supervision and direction to the operating management and lending staff of the Bank.

### Allegations Particular to Respondent Cuevas

114. Unsafe or unsound practices, breaches of fiduciary duties, or violations committed by Respondent Cuevas in carrying out his responsibilities as a member of CBC's Board of Directors with respect to the transactions, incidents, and/or series of events described above constitute a pattern of misconduct, and include, but are not limited to, the following:

a)  voting for approval of the 3/22 Loans, the 6/21 Loans, the Additional Related Loans, the 6/23 New Loans, and the 6/23 Extensions, despite numerous unsafe or unsound characteristics including, but not limited to:

i)  absence of sufficient financial and credit underwriting information to make an informed decision;

ii)  terms and conditions inconsistent with the size of the Bank, typical types of credit offered, and levels of expertise of Bank lending officers;

iii)  failure to follow loan policy guidelines and standards;

iv)  failure to allow for adequate review; and/or

v)  unjustified reliance on verbal assurances of Bank management and insiders rather than prudent and customary written analysis and documentation.

b)  violating or causing or permitting CBC to violate the C&D by approving the 6/23 New Loans and the 6/23 Extensions;

c)  failing to exercise independent judgment, particularly with respect to his role in reviewing and approving proposed loans;

d) inadequately implementing prior regulatory recommendations, including but not limited to operating with inadequate disclosure, due diligence, and oversight of insider-related transactions and potential conflicts of interest.

### Allegations Particular to Respondent Dunlap

115. Unsafe or unsound practices, breaches of fiduciary duties, or violations committed by Respondent Dunlap in carrying out his responsibilities as a member of CBC's Board of Directors with respect to the transactions, incidents, and/or series of events described above constitute a pattern of misconduct, and include, but are not limited to, the following:

a) voting for approval of the 3/22 Loans, the 6/21 Loans, the Additional Related Loans, the 6/23 New Loans, and the 6/23 Extensions, despite numerous unsafe or unsound characteristics including, but not limited to:

   i) absence of sufficient financial and credit underwriting information to make an informed decision;

   ii) terms and conditions inconsistent with the size of the Bank, typical types of credit offered, and levels of expertise of Bank lending officers;

   iii) failure to follow loan policy guidelines and standards;

   iv) failure to allow for adequate review; and/or

   v) unjustified reliance on verbal assurances of Bank management and insiders rather than prudent and customary written analysis and documentation.

b) violating or causing or permitting CBC to violate the C&D by approving the 6/23 New Loans and the 6/23 Extensions;

c) failing to exercise independent judgment, particularly with respect to his role in reviewing and approving proposed loans;

d) inadequately implementing prior regulatory recommendations, including but not limited to operating with inadequate disclosure, due diligence, and oversight of insider-related transactions and potential conflicts of interest.

### Allegations Particular to Respondent Levine

116. Unsafe or unsound practices, breaches of fiduciary duties, or violations committed by Respondent Levine in carrying out his responsibilities as a member of CBC's Board of Directors with respect to the transactions, incidents, and/or series of events described above constitute a pattern of misconduct, and include, but are not limited to, the following:

a) voting for approval of some or all of the 3/22 Loans, upon information and belief; and voting for approval of the 6/21 Loans, some or all of the Additional Related Loans, the 6/23 New Loans, and the 6/23 Extensions, despite numerous unsafe or unsound characteristics including, but not limited to:

i) absence of sufficient financial and credit underwriting information to make an informed decision;

ii) terms and conditions inconsistent with the size of the Bank, typical types of credit offered, and levels of expertise of Bank lending officers;

iii) failure to follow loan policy guidelines and standards;

iv) failure to allow for adequate review; and/or

v) unjustified reliance on verbal assurances of Bank management and insiders rather than prudent and customary written analysis and documentation.

b) violating or causing or permitting CBC to violate the C&D by approving the 6/23 Loans and the 6/23 Extensions;

NOV-25-2002 13:44 FROM:G-LOG LEGAL           2039254894            TO:212+819+7583            P.039/060

c)  failing to exercise independent judgment, particularly with respect to his role in reviewing and approving proposed loans;

d)  inadequately implementing prior regulatory recommendations, including but not limited to operating with inadequate disclosure, due diligence, and oversight of insider-related transactions and potential conflicts of interest.

### Allegations Particular to Respondent Marks

117. Unsafe or unsound practices, breaches of fiduciary duties, or violations committed by Respondent Marks in carrying out his responsibilities as a member of CBC's Board of Directors with respect to the transactions, incidents, and/or series of events described above constitute a pattern of misconduct, and include, but are not limited to, the following:

a)  voting for approval of the 3/22 Loans, despite numerous unsafe or unsound characteristics including, but not limited to:

   i)  absence of sufficient financial and credit underwriting information to make an informed decision;

   ii) terms and conditions inconsistent with the size of the Bank, typical types of credit offered, and levels of expertise of Bank lending officers;

   iii) failure to follow loan policy guidelines and standards;

   iv) failure to allow for adequate review; and/or

   v) unjustified reliance on verbal assurances of Bank management and insiders rather than prudent and customary written analysis and documentation.

b)  abdicating his fiduciary duties as a director by, among other things, a pattern and practice of frequent absences from Board and Credit Committee meetings;

c)   failing to exercise independent judgment, particularly with respect to his role in reviewing and approving proposed loans;

d)   inadequately implementing prior regulatory recommendations, including but not limited to operating with inadequate disclosure, due diligence, and oversight of insider-related transactions and potential conflicts of interest.

### Allegations Particular to Respondent Reed

118.   Unsafe or unsound practices, breaches of fiduciary duties, or violations committed by Respondent Reed in carrying out his responsibilities as a member of CBC's Board of Directors with respect to the transactions, incidents, and/or series of events described above constitute a pattern of misconduct, and include, but are not limited to, the following:

a)   voting for approval of the 6/23 New Loans and some or all of the Additional Related Loans, despite numerous unsafe or unsound characteristics including, but not limited to:

  i)   absence of sufficient financial and credit underwriting information to make an informed decision;

  ii)  terms and conditions inconsistent with the size of the Bank, typical types of credit offered, and levels of expertise of Bank lending officers;

  iii) failure to follow loan policy guidelines and standards;

  iv)  failure to allow for adequate review; and/or

  v)   unjustified reliance on verbal assurances of Bank management and insiders rather than prudent and customary written analysis and documentation.

b)   violating or causing or permitting CBC to violate the C&D by approving the 6/23 New Loans;

c)   failing to exercise independent judgment, particularly with respect to his role in reviewing and approving proposed loans;

d)   inadequately implementing prior regulatory recommendations, including but not limited to operating with inadequate disclosure, due diligence, and oversight of insider-related transactions and potential conflicts of interest.

### Allegations Particular to Respondent Asche

119.   Unsafe or unsound practices, breaches of fiduciary duties, or violations committed by Respondent Asche in carrying out his responsibilities as a member of CBC's Board of Directors with respect to the transactions, incidents, and/or series of events described above constitute a pattern of misconduct, and include, but are not limited to, the following:

a)   voting for approval of the 6/23 New Loans, some of the 6/23 Extensions, and some of the Additional Related Loans, despite numerous unsafe or unsound characteristics including, but not limited to:

   i)   absence of sufficient financial and credit underwriting information to make an informed decision;

   ii)   terms and conditions inconsistent with the size of the Bank, typical types of credit offered, and levels of expertise of Bank lending officers;

   iii)   failure to follow loan policy guidelines and standards;

   iv)   failure to allow for adequate review; and/or

   v)   unjustified reliance on verbal assurances of Bank management and insiders rather than prudent and customary written analysis and documentation.

b)   violating or causing or permitting CBC to violate the C&D by approving the 6/23 New Loans and some of the 6/23 Extensions;

c) failing to exercise independent judgment, particularly with respect to his role in reviewing and approving proposed loans;

d) inadequately implementing prior regulatory recommendations, including but not limited to operating with inadequate disclosure, due diligence, and oversight of insider-related transactions and potential conflicts of interest.

### NOTICE OF INTENTION
### TO PROHIBIT FROM FURTHER PARTICIPATON
### (RESPONDENT LENZ AND RESPONDENT WEAND)

120. Paragraphs 1 through 113 are realleged and incorporated herein by reference.

121. By reason of the acts, omissions and/or practices set forth above, Respondent Lenz and Respondent Weand have engaged in violations of laws, rules and regulations; violations of a cease-and-desist order which had become final; violation of a condition imposed in writing by the FDIC in connection with the grant of an application by CBC; unsafe or unsound practices in connection with CBC; and breaches of fiduciary duty.

122. By reason of the violations, unsafe or unsound practices and breaches of fiduciary duty set forth above, CBC has suffered or will probably suffer financial loss or other damage, the interests of CBC's depositors have been or could be prejudiced, and Respondent Lenz and Respondent Weand have received financial gain or other benefit.

123. The violations, unsafe or unsound practices, and breaches of fiduciary duty committed by Respondent Lenz and Respondent Weand as set forth above involve personal dishonesty and demonstrate a willful or continuing disregard for the safety or soundness of CBC.

### NOTICE OF CHARGES FOR ORDERS OF RESTITUTION
### AND OTHER APPROPRIATE RELIEF
### (RESPONDENT LENZ AND RESPONDENT WEAND)

124. Paragraphs 1 through 113 are realleged and incorporated herein by reference.

NOV-25-2002 13:45 FROM:G-LOG LEGAL        2039254894        TO:212+819+7583        P.043/060

125. Respondent Lenz was unjustly enriched in the amount of at least $20 million as a result of the violations and unsafe or unsound practices set forth above, in that, among other things, he received the proceeds of the 3/22 Loans and used those proceeds, instead of personal assets, to make the FDIC Required Capital Injection, as more particularly alleged in paragraphs 31 through 66 above.

126. By reason of the allegations set forth above, Respondent Lenz and Respondent Weand have engaged in unsafe or unsound practices in conducting the business of CBC, and have violated laws, rules, and regulations and a condition imposed in writing by the FDIC in connection with the grant of an application by CBC.

127. The violations and practices set forth above involved a reckless disregard for the law, applicable regulations, and the 2001 FDIC Cease and Desist Order by Respondent Lenz and Respondent Weand.

128. By reason of the violations and practices involving reckless disregard set forth above, Respondent Lenz and Respondent Weand caused or were primarily responsible for causing CBC to make the 3/22 Loans, the 6/21 Loans, the Additional Related Loans, and the 6/23 Extensions, which had an aggregate unpaid balance of at least $34 million when CBC was closed and exposed CBC and the FDIC as receiver for CBC to losses of at least $34 million.

### NOTICE OF ASSESSMENT OF CIVIL MONEY PENALTIES, FINDINGS OF FACT AND CONCLUSIONS OF LAW

129. Paragraphs 1 through 128 are realleged and incorporated herein by reference and constitute FINDINGS OF FACT AND CONCLUSIONS OF LAW for the purposes of this NOTICE OF ASSESSMENT.

130. By reason of the acts, omissions and/or practices set forth above, the following Respondents violated a law or regulation:

    a) Respondent Lenz; and

    b) Respondent Weand

131. By reason of the acts, omissions and/or practices set forth above, the following Respondents violated a final order issued by the FDIC pursuant to subsection 8(b) of the Act, 12 U.S.C. § 1818(b):

    a) Respondent Lenz

    b) Respondent Weand

    c) Respondent Cuevas

    d) Respondent Dunlap

    e) Respondent Levine

    f) Respondent Reed

    g) Respondent Asche

132. By reason of the acts, omissions and/or practices set forth above, the following Respondents violated a condition imposed in writing by the appropriate Federal banking agency, the FDIC, in connection with the grant of an application by CBC:

    a) Respondent Lenz; and

    b) Respondent Weand

133. By reason of the acts, omissions and/or practices set forth above, the following Respondents recklessly engaged in unsafe or unsound practices in conducting the affairs of CBC and breached their fiduciary duties to CBC:

    a) Respondent Lenz

    b) Respondent Weand

    c) Respondent Cuevas

NOV-25-2002 13:45 FROM:G-LOG LEGAL         2039254894              TO:212+819+7583            P.045/060

    d)    Respondent Dunlap

    e)    Respondent Levine

    f)    Respondent Marks

    g)    Respondent Reed

    h)    Respondent Asche

134. The violations, practices and breaches of fiduciary duty set forth above were part of a pattern of misconduct, or caused or were likely to cause more than a minimal loss to CBC and/or the FDIC as receiver for CBC, on the part of the following Respondents:

    a)    Respondent Cuevas

    b)    Respondent Dunlap

    c)    Respondent Levine

    d)    Respondent Marks

    e)    Respondent Reed

    f)    Respondent Asche

135. The violations, practices and breaches of fiduciary duty set forth above were committed knowingly; and knowingly or recklessly caused a substantial loss to CBC and/or the FDIC as receiver for CBC, or knowingly or recklessly caused a substantial pecuniary gain or other benefit by reason of such violations, practices, or breaches, by the following Respondents:

    a)    Respondent Lenz; and

    b)    Respondent Weand

### ORDER TO PAY

136. By reason of the knowing violations, practices and breaches, which knowingly or recklessly caused a substantial loss to CBC and/or to the FDIC as receiver for CBC, or which

knowingly or recklessly caused a substantial pecuniary gain or other benefit to Respondent Lenz and Respondent Weand, as set forth in the NOTICE OF ASSESSMENT, the FDIC has concluded that civil money penalties should be assessed against Respondent Lenz and Respondent Weand pursuant to section 8(i)(2)(C) of the Act, 12 U.S.C. § 1818(i)(2)(C).

137.   By reason of the violations, reckless engagement in unsafe or unsound practices, and breaches of fiduciary duty, which were part of a pattern of misconduct and caused or were likely to cause more than minimal loss to CBC and/or FDIC as receiver of CBC, by Respondent Cuevas, Respondent Dunlap, Respondent Levine, Respondent Marks, Respondent Reed and Respondent Asche, as set forth in the NOTICE OF ASSESSMENT, the FDIC has concluded that civil money penalties should be assessed against the aforesaid Respondent Directors pursuant to section 8(i)(2)(B) of the Act, 12 U.S.C. § 1818(i)(2)(B).

138.   After taking into account the appropriateness of the penalties with respect to the size of the financial resources and good faith of each of the Respondents, the gravity of the violations, practices or breaches, the history or previous violations, unsafe or unsound practices, or breaches of fiduciary duty, and other matters as justice may require, it is:

ORDERED, that by reason of the violations, practices, and breaches of fiduciary duty set forth above, penalties be and hereby are assessed against Respondent Lenz and Respondent Weand pursuant to section 8(i)(2)(C) of the Act, 12 U.S.C. § 8(i)(2)(C), as follows:

    a)   against Respondent Lenz, a penalty of $2,000,000;

    b)   against Respondent Weand, a penalty of $1,000,000.

FURTHER ORDERED, that by reason of the violations, practices, and breaches of fiduciary duty set forth above, penalties be and hereby are assessed against the Respondent Directors pursuant to section 8(i)(2)(B) of the Act, 12 U.S.C. § 1818(i)(2)(B) as follows:

a)   against Respondent Cuevas, a penalty of $500,000;

b)   against Respondent Dunlap, a penalty of $500,000;

c)   against Respondent Levine, a penalty of $500,000;

d)   against Respondent Reed, a penalty of $250,000;

e)   against Respondent Marks, a penalty of $250,000;

f)   against Respondent Asche, a penalty of $250,000.

FURTHER ORDERED, that the effective date of this ORDER TO PAY be, and hereby is, stayed until 20 days after the date of receipt of the NOTICE OF ASSESSMENT by the Respondent, during which time each of the Respondents may file an Answer and Request a Hearing pursuant to section 8(i)(2)(H) of the Act, 12 U.S.C. § 1818(i)(2)(H), and section 308.19 of the FDIC Rules, 12 C.F.R. § 308.19.

## NOTICE OF HEARING

139.   Notice is hereby given that a hearing shall commence at Hartford, Connecticut, sixty (60) days from the date of service of this NOTICE OF INTENTION TO PROHIBIT FROM FURTHER PARTICIPATION with respect to Respondent Lenz and Respondent Weand; NOTICE OF ASSESSMENT OF CIVIL MONEY PENALTIES upon each of the Respondents; and NOTICE OF CHARGES FOR ORDERS OF RESTITUTION AND OTHER APPROPRIATE RELIEF with respect to Respondent Lenz and Respondent Weand, or on such date as the parties to this action and the Administrative Law Judge appointed to hear this matter may agree, or at such other place as the parties to this proceeding and the Administrative Law Judge may agree, for the purpose of taking evidence on the charges herein specified, in order to determine whether a permanent order should be issued to prohibit Respondent Lenz and Respondent Weand from further participation in the conduct of the affairs of any insured

depository institution or organization enumerated in section 8(e)(7)(A) of the Act, 12 U.S.C. § 1818(e)(7)(A), without the prior permission of the FDIC and the appropriate Federal financial institutions regulatory agency, as that term is defined in section 8(e)(7)(D) of the Act, 12 U.S.C. § 1818(e)(7)(D). Except that with respect to the NOTICE OF ASSESSMENT OF CIVIL MONEY PENALTIES as to each of the Respondents, the Respondents must specifically request a hearing within 20 days pursuant to section 8(i)(2)(H) of the Act, 12 U.S.C. § 1818(i)(2)(H), and section 308.19 of the FDIC Rules, 12 C.F.R. § 308.19. If any Respondent fails to file a request for a hearing within 20 days of the service of the NOTICE OF ASSESSMENT OF CIVIL MONEY PENALTIES on him, the penalty assessed against him pursuant to the ORDER TO PAY will be final and shall be paid within 60 days after the NOTICE OF ASSESSMENT OF CIVIL MONEY PENALTIES is served on him.

140.   With respect to the NOTICE OF CHARGES FOR ORDERS OF RESTITUTION AND OTHER APPROPRIATE RELIEF against Respondent Lenz and Respondent Weand, notice is hereby given that a hearing will be held in Hartford, Connecticut, commencing 60 days from the date of service on Respondent Lenz and Respondent Weand of this NOTICE, or on such date as may be set by the Administrative Law Judge appointed to hear the matter, for the purpose of taking evidence on the charges herein before specified in order to determine whether an appropriate ORDER should be issued under the Act requiring Respondent Lenz to make restitution, reimbursement, and/or guarantee against loss in the amount of at least $34 million, including at least $20 million, the amount by which Respondent Lenz was unjustly enriched, and requiring Respondent Weand to make restitution, reimbursement, and/or guarantee against loss in the amount of at least $34 million.