141. The hearing will be public, and in all respects, conducted in accordance with the provisions of the Act, 12 U.S.C. §§ 1811-1831y, the Administrative Procedure Act, 5 U.S.C. §§ 551-559, and the FDIC Rules of Practice and Procedure, 12 C.F.R. Part 308. The hearing will be held before an Administrative Law Judge to be appointed by the Office of Financial Institution Adjudication pursuant to 5 U.S.C. § 3105. The exact time and precise location of the hearing will be determined by the Administrative Law Judge.

142. Respondent Lenz and Respondent Weand are hereby directed to file an answer to the NOTICE OF INTENTION TO PROHIBIT FROM FURTHER PARTICIPATION and NOTICE OF CHARGES FOR ORDERS OF RESTITUTION AND OTHER APPROPRIATE RELIEF within twenty (20) days from the date of service, as provided by section 308.19 of the FDIC Rules of Practice and Procedure, 12 C.F.R. § 308.19. Each of the Respondents are directed to file an answer to the NOTICE OF ASSESSMENT OF CIVIL MONEY PENALTY within twenty (20) days from the date of service, as provided by section 308.19 of the FDIC Rules, 12 C.F.R. § 308.19. Respondent Lenz and Respondent Weand are also directed to file an answer to the NOTICE OF CHARGES FOR ORDERS OF RESTITUTION AND OTHER APPROPRIATE RELIEF within twenty (20) days from the date of service, as provided by section 308.19 of the FDIC Rules, 12 C.F.R. § 308.19. An original and one copy of all papers filed in this proceeding shall be served upon the Office of Financial Institution Adjudication, 1770 G Street, N.W., Washington, D.C. 20552, pursuant to section 308.10 of the FDIC Rules, 12 C.F.R. § 308.10. Copies of all papers filed in this proceeding shall be served upon the Office of the Executive Secretary, Federal Deposit Insurance Corporation, 550 17th St., N.W. (MB-3094), Washington, D.C. 20429; A. T. Dill, III, Senior Counsel, Legal Division, Compliance and Enforcement Section, Federal Deposit Insurance Corporation, 550 17th St., N.W.,

NOV-25-2002 13:47 FROM:G-LOG LEGAL          2039254894           TO:212+819+7583        P.050/060

Washington, D.C.-20429; and upon David A. Schecker, Regional Counsel, Federal Deposit Insurance Corporation, 15 Braintree Hill Office Park, Braintree, MA 02184.

Pursuant to delegated authority.

Dated at Washington, D.C., this 22nd day of November, 2002.

*[signature]*
Michael J. Zamorski
Director
Division of Supervision and Consumer Protection

# EXHIBIT 3




STATE OF CONNECTICUT

# DEPARTMENT OF BANKING

260 CONSTITUTION PLAZA • HARTFORD, CT 06103-1800

**John P. Burke**
Commissioner

## INSTRUCTIONS

You, <u>Brian A. Marks</u>, are a Respondent in the enclosed Notice of Intent to Impose Civil Penalty and Notice of Right to Hearing ("Notice"). Under Connecticut law, you have been afforded an opportunity for hearing after reasonable notice. Please read the following instructions carefully.

1. Notice of Intent to Impose Civil Penalty – If you wish to request a hearing on the Notice of Intent to Impose Civil Penalty, you or your attorney *must* complete and return the enclosed Appearance and Request for Hearing Form. You have the right to be represented by an attorney at such hearing. In order to preserve your right to a hearing, the Department of Banking must receive the Appearance and Request for Hearing Form no later than fourteen (14) days after the date you received the Notice. (The Notice is deemed received on the date you received it or seven days after mailing or sending, whichever date is earlier.) The Appearance and Request for Hearing Form should be mailed to the Department of Banking, Legal Division, 260 Constitution Plaza, Hartford, Connecticut 06103-1800. If you request a hearing within the time specified, the hearing will be held on January 14, 2003, at the Department of Banking, 260 Constitution Plaza, Hartford, Connecticut. The prosecuting attorney assigned to this case is Attorney Anthony L. Lazzaro Jr.; his telephone number is (860) 240-8141. The hearing officer in this case is Deputy Commissioner Alan J. Cicchetti; his telephone number is (860) 240-8150. *If you fail to return the Appearance and Request for Hearing Form requesting a hearing, the maximum civil penalty may be imposed on you.*

2. You have the right to resolve or settle this case. Please contact the prosecuting attorney to make arrangements.

3. If you have any additional questions or issues related to this case, or to the date, time or place of the hearing, please contact the prosecuting attorney.

4. If you return the Appearance and Request for Hearing Form, you can expect to receive a telephonic conference call with the hearing officer and the prosecuting attorney approximately two weeks prior to the scheduled hearing date to discuss issues related to the number of anticipated witnesses, possibility of settlement and anticipated length of the hearing.

TEL: (860) 240-8299
FAX: (860) 240-8178
*An Equal Opportunity Employer*
website: http://www.state.ct.us/dob/

NOV-25-2002 13:47 FROM:G-LOG LEGAL          2039254894         TO:212+819+7583        P.052/060



STATE OF CONNECTICUT

# DEPARTMENT OF BANKING

260 CONSTITUTION PLAZA • HARTFORD, CT 06103-1800



**John P. Burke**
Commissioner

```
* * * * * * * * * * * * * * * * * * * * * * * *
                                               *
IN THE MATTER OF:                              *       NOTICE OF INTENT TO IMPOSE
                                               *       CIVIL PENALTY
BRIAN A. MARKS                                 *
                                               *             AND
("Respondent")                                 *
                                               *       NOTICE OF RIGHT TO HEARING
                                               *
* * * * * * * * * * * * * * * * * * * * * * * *
```

## I. LEGAL AUTHORITY AND JURISDICTION

The Commissioner of Banking ("Commissioner") is charged with the administration of Title 36a of the Connecticut General Statutes, the "Banking Law of Connecticut".

Pursuant to the authority granted by Section 36a-17 of the Connecticut General Statutes, as amended by Public Act 02-73, the Commissioner, through the Bank Examination Division ("Division") of the Department of Banking ("Department"), has investigated the activities of Connecticut Bank of Commerce ("CBC" or "Bank") and, in connection therewith, the activities of Respondent.

Section 36a-17(a) of the Connecticut General Statutes, as amended, states:

> The commissioner, in the commissioner's discretion, may make such public or private investigations or examinations within or outside this state, concerning any person subject to the jurisdiction of the commissioner, as the commissioner deems necessary to carry out the duties of the commissioner.

Section 36a-50(a)(1) of the Connecticut General Statutes, as amended by Public Act 01-48, states, in pertinent part, that:

> Whenever the commissioner finds as the result of an investigation that any person has violated any provision of the general statutes within the jurisdiction of the commissioner, ... the commissioner may send a notice to such person by registered or certified mail, return receipt requested, or by any express delivery carrier that provides a dated

TEL: (860) 240-8299
FAX: (860) 240-8178
An Equal Opportunity Employer
website: http://www.state.ct.us/dob/

> delivery receipt. The notice shall be deemed received by the person on the earlier of the date of actual receipt or seven days after mailing or sending. Any such notice shall include: (A) A statement of the time, place, and nature of the hearing; (B) a statement of the legal authority and jurisdiction under which the hearing is to be held; (C) a reference to the particular sections of the general statutes ... alleged to have been violated; (D) a short and plain statement of the matters asserted; (E) the maximum penalty that may be imposed for such violation; and (F) a statement indicating that such person may file a written request for a hearing on the matters asserted within fourteen days of receipt of the notice.

Section 36a-50(a)(2) of the Connecticut General Statutes, as amended by Public Act 01-34, states, in pertinent part, that:

> If a hearing is requested within the time specified in the notice, the commissioner shall hold a hearing upon the matters asserted in the notice unless such person fails to appear at the hearing. After the hearing, if the commissioner finds that the person has violated any such provision, ... the commissioner may, in the commissioner's discretion and in addition to any other remedy authorized by law, order that a civil penalty not exceeding seven thousand five hundred dollars per violation be imposed upon such person .... If such person does not request a hearing within the time specified in the notice or fails to appear at the hearing, the commissioner may, as the facts require, order that a civil penalty not exceeding seven thousand five hundred dollars per violation be imposed upon such person ....

Section 36a-50(a)(3) of the Connecticut General Statutes states that:

> Each action undertaken by the commissioner under this subsection shall be in accordance with the provisions of chapter 54.

## II. MATTERS ASSERTED

1. CBC (formerly known as Amity Bank) was a Connecticut-chartered bank that was declared insolvent and placed in receivership on June 26, 2002.

2. At all times relevant to this matter, Respondent was a director of CBC, in that he was a member of its governing board ("Board") as well as a member of the Credit/Loan Committee of the Board ("Credit Committee").

3. Respondent became a director of CBC in 1998.

NOV-25-2002 13:48 FROM:G-LOG LEGAL         2039254894            TO:212+819+7583         P.054/060

4. As more fully described in paragraphs 5 and 6, at the time Respondent became a director and member of the Credit Committee, the Bank was the subject of cease and desist orders and, as more fully described in paragraph 7, during the time Respondent was a director, the Bank was subject to further regulatory orders issued by the Commissioner and the Federal Deposit Insurance Corporation ("FDIC") and was in a "troubled condition" as defined under 12 CFR Section 303.14 (1998).

5. On July 9, 1991, the FDIC, with the concurrence of the Commissioner, issued a Cease and Desist Order against CBC ("July 1991 Order"), ordering the Bank to cease and desist from certain specified unsafe or unsound banking practices and apparent violations of law and/or regulations, including operating with an excessive volume of adversely classified assets; engaging in hazardous lending and lax collection practices, including maintaining an excessive volume of adversely classified loans; operating with management whose policies and practices are detrimental to the Bank or engaging in management policies and practices which are detrimental to the Bank; operating with deficient or inadequate loan documentation, including but not limited to current financial statements, insurance coverage, title searches or legal opinions and cash flow and/or operating information; and engaging in practices which produce inadequate operating income and excessive loan losses.

6. On December 21, 1993, the FDIC, with the concurrence of the Commissioner, issued a Cease and Desist Order against CBC ("December 1993 Order"), ordering the Bank to cease and desist from certain specified unsafe or unsound banking practices and apparent violations of law and/or regulations, including failing to avoid conflicts of interest in transactions between CBC and its institution-affiliated parties and entities or natural persons related to such parties; failing to monitor adequately payments made, directly or indirectly, by CBC to institution-affiliated parties and entities or natural persons related to such parties; failing to prevent Director/Owner from interfering with management in conducting the daily affairs of the Bank; and failing to provide operating management adequate authority to perform its duties so as to prevent unsafe or unsound practices and violations of law and/or regulations.

7. On March 23, 1999, the Board, which included Respondent, entered into a Memorandum of Understanding with the Department and the FDIC ("MOU") and agreed, among other things, to establish

NOV-25-2002 13:48 FROM:G-LOG LEGAL          2039254894           TO:212+819+7583          P.055/060

prudent limits on extensions of credit to and asset purchases through any single obligor or related parties, subject to certain limits, and to establish a plan to reduce the level of adversely classified assets.

8. On December 27, 1999, the Department and the FDIC commenced a joint examination of CBC ("December 1999 Examination"). The examination findings noted, among other things, increases in asset concentration, weaknesses in the loan administration area and unsatisfactory reduction of adversely classified assets. CBC continued to be designated as an insured nonmember bank in a "troubled condition".

9. On March 6, 2000, Respondent attended a special meeting of the Board, during which representatives of the FDIC and the Department presented the findings of the December 1999 Examination, with focus on compliance with the outstanding MOU, the need to continue to improve overall asset quality and the weaknesses noted in loan and asset administration.

10. On March 20, 2000, the Credit Committee, including Respondent, reviewed and approved a loan in the amount of $1.1 million to a business associate of the Bank's Chairman of the Board, Randolph W. Lenz ("March 20 Loan"), and on March 22, 2000, the Credit Committee, including Respondent, approved fifteen loans in the aggregate amount of $19,150,000 ("March 22 Loans") (the sixteen loans hereinafter are referred to as the "March Loans"). The amount of the March Loans was well in excess of CBC's typical monthly loan activity and each loan approved was in the amount of $1 million or more.

11. The March Loans did not meet underwriting criteria that are standard for the industry and for CBC, as required by CBC's loan policy, in that they were deficient in one or more of the following respects: there was no loan application; financial information was incomplete, inadequate, unsigned, undated and not independently verified; credit risk analysis was inadequate and unsubstantiated; insufficient or unsupported collateral was taken for the loan; and the purpose of the loan was inconsistent with the loan structure or terms. Many of the borrowers were affiliated with each other, thereby increasing the risk exposure of the loans.

12. On March 31, 2000, CBC purchased and assumed the deposits and liabilities of MTB Bank, a New York-chartered bank.

13. Respondent's conduct, as more fully described in paragraph 10, significantly contributed to CBC's severe undercapitalization, resulting in a determination that it was insolvent.

14. On June 26, 2002, the Commissioner declared CBC insolvent and the FDIC was appointed temporary receiver of CBC.

15. On June 27, 2002, the FDIC was appointed permanent receiver of CBC and initiated the payment of insured depositors.

16. Due to CBC's insolvency, the payments to insured depositors of CBC required a payout from the federal deposit insurance fund, and the FDIC was unable to honor claims from CBC's uninsured depositors.

### III. STATUTORY BASIS FOR IMPOSITION OF CIVIL PENALTY

Section 36a-53(c) of the Connecticut General Statutes, as amended by Public Acts 01-34 and 02-73, states, in relevant part, that:

> (1) Whenever the commissioner finds as the result of an investigation that any . . . director . . . has . . . (C) engaged or participated in any unsafe or unsound practice, or (D) used such . . . director's . . . official position in a manner contrary to the interest of any bank . . . or its depositors , . . , the commissioner may send notice to and take action against such . . . director . . . regarding the . . . unsafe or unsound practice, or misuse of official position in accordance with section 36a-50. Any finding made by the commissioner pursuant to this subdivision shall be considered a violation of this subsection for purposes of section 36a-50.
>
> (2) Notwithstanding the provisions of section 36a-50, unless the . . . unsafe or unsound practice, or misuse of official position found to have occurred pursuant to this subsection and section 36a-50 is such that it (A) is part of a pattern of misconduct, [or] (B) has caused or is likely to cause a loss other than a de minimis loss to any bank . . . , the civil penalty the commissioner may impose under this subsection and section 36a-50 shall not exceed one thousand dollars.

17. Respondent's conduct in connection with the sixteen March Loans, as more fully described in paragraph 10, constitutes sixteen instances of Respondent engaging or participating in unsafe and unsound practices in connection with CBC, in that such loans were large loans that did not meet

underwriting criteria, as more fully described in paragraph 11, which constitute a basis for imposition of a civil penalty pursuant to Section 36a-53(c)(1)(C) of the Connecticut General Statutes, as amended.

18. Respondent's conduct in connection with the sixteen March Loans, as more fully described in paragraph 10, constitutes sixteen instances of Respondent using his official position in a manner contrary to the interest of CBC and its depositors, in that the loans were large loans that did not meet underwriting criteria, as more fully described in paragraph 11, which constitutes a basis for imposition of a civil penalty pursuant to Section 36a-53(c)(1)(D) of the Connecticut General Statutes, as amended.

### IV. NOTICE OF INTENT TO IMPOSE CIVIL PENALTY AND NOTICE OF RIGHT TO HEARING

**WHEREAS**, the Commissioner finds as a result of an investigation by the Division that Respondent has engaged and participated in sixteen unsafe and unsound practices in connection with CBC, and has used his official position in a manner contrary to the interest of CBC and its depositors in sixteen instances, which, under Section 36a-53(c) of the Connecticut General Statutes, as amended, constitute a violation of such subsection for purposes of Section 36a-50 of the Connecticut General Statutes, as amended;

**WHEREAS**, the unsafe and unsound practices and misuses of official position are part of a pattern of misconduct;

**AND WHEREAS**, the unsafe and unsound practices and misuses of official position have caused a loss other than a de minimis loss to CBC.

**NOW THEREFORE**, notice is hereby given to Respondent that the Commissioner intends to impose a civil penalty upon Respondent not to exceed **Seven Thousand Five Hundred Dollars ($7,500)** per violation or a maximum civil penalty of **Two Hundred Forty Thousand Dollars ($240,000)** upon Respondent, subject to Respondent's right to a hearing on the allegations set forth above.

A hearing will be granted to Respondent if a written request for a hearing is received by the Department of Banking, Legal Division, 260 Constitution Plaza, Hartford, Connecticut 06103-1800 within fourteen (14) days following his receipt of this Notice of Intent to Impose Civil Penalty and Notice

of Right to Hearing as set forth in Section 36a-50 of the Connecticut General Statutes, as amended. This Notice of Intent to Impose Civil Penalty and Notice of Right to Hearing shall be deemed received on the earlier of the date of actual receipt, or seven days after mailing or sending. The enclosed Appearance and Request for Hearing Form must be completed and mailed to the above address. If Respondent will not be represented by an attorney at the hearing, please complete the Appearance and Request for Hearing Form as "pro se." If a hearing is requested, the hearing will be held on January 14, 2003, at 10 a.m. at the Department of Banking, 260 Constitution Plaza, Hartford, Connecticut.

The hearing will be held in accordance with the provisions of Chapter 54 of the Connecticut General Statutes, unless Respondent fail to appear at the requested hearing. At such hearing, Respondent will have the right to appear and present evidence, rebuttal evidence and argument on all issues of fact and law to be considered by the Commissioner. Once a written request for a hearing is received, the Commissioner shall issue a notice of hearing at least fourteen (14) days prior to a hearing in accordance with Section 4-177 of the Connecticut General Statutes and Section 36-1-17 of the Regulations of Connecticut State Agencies.

If Respondent fails to request a hearing within the time prescribed, the Commissioner may order that the maximum civil penalty be imposed upon Respondent.

John P. Burke
Commissioner of Banking

So ordered at Hartford, Connecticut
this ____ day of November 2002.

## CERTIFICATION

I hereby certify that on this 22ND day of November 2002, the foregoing Notice of Intent to Impose Civil Penalty and Notice of Right to Hearing was sent by first-class mail and Airborne Express to Brian A. Marks, 33 Winoca Road, Fairfield, Connecticut 06825. Airbill Number 7151941624.

                                                           *Anthony L. Lazzaro Jr.*
                                                           Anthony L. Lazzaro Jr.
                                                           Prosecuting Attorney



# STATE OF CONNECTICUT
## DEPARTMENT OF BANKING
260 CONSTITUTION PLAZA • HARTFORD, CT 06103-1800



**John P. Burke**
Commissioner

* * * * * * * * * * * * * * * * * * * * * * * *
\*
IN THE MATTER OF:                       \*         NOTICE OF INTENT TO IMPOSE
                                         \*         CIVIL PENALTY
BRIAN A. MARKS                          \*
                                         \*         AND
("Respondent")                          \*
                                         \*         NOTICE OF RIGHT TO HEARING
                                         \*
* * * * * * * * * * * * * * * * * * * * * * * *

### APPEARANCE AND REQUEST FOR HEARING

Please enter the appearance of:

_____
(Attorney/Pro Se Respondent)

_____

_____
(Mailing Address)

_____

Telephone Number: _____

The above-named individual is appearing in the above-entitled case for:

( ) The Respondent
( ) All Respondents
( ) The following Respondent(s) only
_____

Signed _____     Date: _____
       (Attorney/Pro Se Respondent)

TEL: (860) 240-8299
FAX: (860) 240-8178
*An Equal Opportunity Employer*
website: http://www.state.ct.us/dob/

# EXHIBIT 4

LOS ANGELES
MIAMI
NEW YORK
PALO ALTO
SAN FRANCISCO
WASHINGTON, D.C.

BERLIN
BRATISLAVA
BRUSSELS
BUDAPEST
DRESDEN
DÜSSELDORF
FRANKFURT
HAMBURG
HELSINKI
ISTANBUL
LONDON
MILAN
MOSCOW
PARIS
PRAGUE
ROME
STOCKHOLM
WARSAW

# WHITE & CASE
LIMITED LIABILITY PARTNERSHIP

1155 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10036-2787

TELEPHONE: (1-212) 819-8200
FACSIMILE: (1-212) 354-8113

DIRECT DIAL: (212) 819-8252
E-MAIL: GKurtz@whitecase.com

ALMATY
ANKARA
BANGKOK
BOMBAY/MUMBAI
HO CHI MINH CITY
HONG KONG
JAKARTA
SHANGHAI
SINGAPORE
TOKYO

JEDDAH
RIYADH

MEXICO CITY
SÃO PAULO

JOHANNESBURG

December 4, 2002

VIA FEDEX

The Hartford
690 Asylum Avenue
Hartford Plaza
Hartford, CT 06115

Attn:  D&O Claims

**HARTFORD FINANCIAL PRODUCTS**

**REC'D    DEC - 9 2002**

**CLAIMS**

Re:  Connecticut Bank of Commerce,
     Policy No. NDA 0200230-01

Dear Sir/Madam:

    Enclosed is a copy of (i) an FDIC Notice of Assessment of Civil Money Penalties and various related documents, and (ii) The State of Connecticut, Department of Banking Notice of Intent to Impose Civil Penalty and Notice of Right to Hearing, and related documents. The Hartford was previously advised, no later than June 26, 2002, of the potential claims against directors and officers of Connecticut Bank of Commerce. Mr. Marks hereby requests that The Hartford defend and indemnify him with respect to the proceedings. In light of the impending deadline for responding to the notices, please promptly advise as to whether The Hartford will approve the undersigned as counsel to Mr. Marks.

Sincerely,

Glenn M. Kurtz

GMK:gmb

Enclosure

cc:  Brian A. Marks, Esq.

NEWYORK 975850 v1 (2K)