# EXHIBIT 7

 **Swett & Crawford**

Two Wall Street
10th Floor
New York, NY 10005
Phone:  212-791-9745
Fax:    212-791-9646

July 1, 2002

D&O Claims
Hartford
2 Park Avenue
New York, NY- 10016

Attn:     Claim Department
Fax No.:  212-858-4898

RE: Named Insured:   CBC Bank (Connecticut Bank of Commerce)
    Policy Number:   NDA020023001
    Date of Loss:    6/27/02
    Policy Period:   07/01/2001 to 07/01/2002

Dear Sirs:

Enclosed is a First Report, which we received from our Producer on the above captioned account.

Also, please acknowledge receipt of this information with adjuster's name and claim number via fax in the spaces provided below.

Thank you for your prompt attention.

Yours very truly,

*Joanna Brancaleoni*

Joanna Brancaleoni

JB

Enclosures

Adjuster:  _____

Claim #    _____

Phone #    _____

**HARTFORD FINANCIAL PRODUCTS**

REC'D    JUL 08 2002

**CLAIMS**

JUL. 1. 2002 8:21AM    FIRST UNION INS CLAIMS    NO. 843    P. 2

# ACORD® GENERAL LIABILITY NOTICE OF OCCURRENCE/CLAIM

**DATE:** 07/01/2002

**PRODUCER:** FIRST UNION INSURANCE SERVICES AGENCY, I
PO BOX 927
W..., NJ 07474-0927
PHONE (A/C, No, Ext): (973)890-1818
FAX: (973)890-4961

**NOTICE OF OCCURRENCE / NOTICE OF CLAIM**
**DATE OF OCCURRENCE AND TIME:** 06/27/2002
**DATE OF CLAIM:**
**PREVIOUSLY REPORTED:** YES / X NO

**EFFECTIVE DATE:** 07/01/2001
**EXPIRATION DATE:** 07/01/2002
**POLICY TYPE:** OCCURRENCE / X CLAIMS MADE
**RETROACTIVE DATE:** 07/01/2000

**COMPANY:** Swett & Crawford - NY

**CODE:** _____  **SUB CODE:** _____
**AGENCY CUSTOMER ID:** 00012836
**POLICY NUMBER:** NDA020023001
**REFERENCE NUMBER:**

## INSURED
**NAME AND ADDRESS:**
Connecticut Bank of Commerce
90 Broad Street, 5th Floor
New York, NY 10004

**BUSINESS PHONE:** (212)859-5565

## CONTACT
[ ] CONTACT INSURED

## OCCURRENCE
**LOCATION OF OCCURRENCE:** SAME

**DESCRIPTION OF OCCURRENCE:** D&O- INSURED BANK SHUT DOWN & SEIZED BY DEPT OF BANKING. FDIC NAMED AS RECEIVER. SEE NEWS ARTICLES, ACTION DIRECTIVE FROM FDIC

## POLICY INFORMATION
| GENERAL AGGREGATE | PROD/COMP OP AGG | PERS & ADV INJ | EACH OCCURRENCE | FIRE DAMAGE | MEDICAL EXPENSE | DEDUCTIBLE |
|---|---|---|---|---|---|---|
| 5,000,000 | | | | | | 200000 SIR |

## INSURED PROPERTY DAMAGED
**NAME & ADDRESS:** unknown

**DESCRIBE INJURY:** FATALITY

## REMARKS
For record purposes only at this time

**REPORTED BY:** Insured
**REPORTED TO:** Scott Ghysels AAI
**SIGNATURE OF PRODUCER OR INSURED:** Richard E. Allocca

ACORD 3S (1/94)

ctJUL. 1. 2002J 8:21AM COTFIRST UNION INS CLAIMS                    NO. 643   P.P. 3 122

ENTERED JUN 2 2002



| | | |
|---|---|---|
| ►HOME ►NEWS ►BUSINESS ►SPORTS ►ENTERTAINMENT ►CARS ►JOBS ►HOMES | | SEARCH |

**MARKETPLACE**
Cars | Jobs | Homes
Ads & Coupons
Business Directory
Classified
Special Ad Sections

**NEWS**
Columnists
Connecticut
Education
Health
Lottery
Nation/World
News@3
Photo/Video Gallery
Politics
Special Reports
Towns
Traffic
Weather

**BUSINESS**
Columnists
Real Estate
Technology

**SPORTS**
Auto Racing
Baseball
Basketball
College Sports
Columnists
Football
High School Sports
Hockey
Husky Hardcores
Scores & Stats
World Cup Soccer

**ENTERTAINMENT**
Arts & Theater
Attractions
Columnists
Dining
Events
Movies
Music
TV & Radio
TV Listings

**LIFESTYLE**
Books
Columnists
Food
Northeast
Style & Shopping
Travel

**OPINION**
Columnists
Commentary
Editorials
Letters
Other Opinion

FAIRFIELD COUNTY

## Officials shut down bank

June 27, 2002
Associated Press

STAMFORD, Conn. — The Connecticut Department of Banking has shut down and seized the troubled Connecticut Bank of Commerce, the first bank failure in the state since 1996.

Banking Commissioner John P. Burke declared the financial condition of the Stamford-based bank as "unsafe and unsound."

The Federal Deposit Insurance Corp. was named as receiver, according to the FDIC.

Large loan losses have been responsible for the bank's deteriorating finances, he said. The bank has been operating with a deficit of nearly $7.5 million, Burke said.

The Stamford-based institution, with branches in Branford, Woodbridge and New York City, had suffered a series of losses and was operating under a cease-and-desist order from the Federal Deposit Insurance Corp. to reduce its level of nonperforming loans and to maintain adequate capital.

The bank's offices were to remain closed at least for Thursday while the FDIC sets up a "bridge bank" to conduct normal operations, said FDIC officer Brian Bolt.

"Hopefully, by Saturday it will be up and running," Bolt said.

The FDIC said in a statement it expects to announce in the next few days whether it has found a buyer for CBC's deposits.

**UTILITIES**
E-mail story
Printer-friendly version

AD

Adverti

http://www.ctnow.com/news/local/fc/hc-27082925.apds.m0805.bc-ct--bankjun27.story                    6/27/02

Dec 02 2004 12:55PM DBR                    617 492 0409                    p.4

# The ADVOCATE
www.stamfordadvocate.com

◀ CONNECT THE DOTS. 

Real Estate ⬝ Auto Listings ⬝ Jobs ⬝ Calendar ⬝ Contact Us ⬝ Home Page

**Weather** 

local news

82° F. Haze
5 Day Forecast
Radar
Pollen forecast
Traffic & Trains

**Site Search**
Search options
click here
[GO]

**Site Contents**
News
- Local
- National & World
- New York City
- Around the State
- Obituaries

Classifieds

Your Health

Opinions
- Editorial
- Columnists
- Letters to the Editor

Business
- Market Update
- National Business
- Computer & Technology
- Investing

Sports
- Yankees
- Mets
- Baseball
- Football
- Basketball
- Hockey

Features
- Health

## Stamford bank closed by the state

By Jim Zebora
Business Editor

June 27, 2002

Troubled Connecticut Bank of Commerce lost its fight to stay alive yesterday when it was shut down and seized by the Connecticut Department of Banking.

The Stamford-based institution, with its main office at 612 Bedford St. and branches in Branford, Woodbridge and New York City, had suffered a series of losses and was operating under a cease-and-desist order from the Federal Deposit Insurance Corp. to reduce its level of nonperforming loans and to maintain adequate capital.

The FDIC, receiver for the failed CBC, is seeking a healthy bank to take over its deposits by the beginning of next week. If no buyer is found, the FDIC plans to immediately make payouts to depositors. Bank deposits are insured up to $100,000 by the federal agency.

The bank's offices will remain closed at least for today while the FDIC sets up a "bridge bank" to conduct normal operations, said FDIC officer Brian Bolt, who was at CBC's Bedford Street office last night.

"Hopefully, by Saturday it will be up and running," Bolt said.

CBC was $3.9 million, or 65 cents per share, in the red last year and had $9.1 million worth of nonperforming loans at the end of last year.

The bad loans represented almost 3 percent of CBC loan portfolio and 33 percent of its capital. The average nonperforming loan ratios for Connecticut banks is about 0.5 percent.

CBC is the seventh U.S. bank to fail this year and the first to fail in Connecticut since July 1996, when the after-affects of the late 1980s real estate bubble and the 1991-92 recession faded.

Forty-two Connecticut-based banks failed from 1989 to 1996.

Despite its problems, CBC, which specialized in asset-based lending, international correspondent banking predominately in Latin America, trade finance, factoring and accounts receivable management, had been optimistic about survival.

✉ Email this story
🖨 Printer friendly format

◀ **Top Stories** ▶

📄 Lines form as emissions stations prepare for hiatus

📄 Blumenthal to file suit over Yellow Pages

📄 Hammer time: Stamford native best in her field

📄 Billboard denial is upheld

📄 Woman gets probation in 1998 hit-and-run




http://www.stamfordadvocate.com/news/local/scn-sa-bank3jun27.story?coll=stam%2Dnews%...  6/27/02

"We're here to stay," Barbara Van Bergen, then CBC's executive vice president and chief financial officer, told The Advocate and in March.

"We've had a rough year, but we expect things to pick up," Van Bergen said when the cease-and-desist order was announced last year.

Van Bergen recently was promoted to chief executive officer, succeeding CBC founder and owner Randy Lenz, former chief executive officer of heavy equipment maker Terex Corp. of Westport. Van Bergen did not return calls seeking comment yesterday to her office at 90 Broad St. in New York City. Lenz could not be reached for comment.

The bank, which had focused on its full-service Connecticut retail branches, bought MTB Bank of New York City several years ago in an attempt to extend its business financing and international banking.

Though CBC was profitable for the four years before last year, the bank received a similar cease-and-desist order from the FDIC in 1993 that took six years to resolve.

In the most recent cease-and-desist order, the FDIC said the bank's board failed to provide adequate supervision and direction to management and inadequately implemented a "memorandum of understanding" — a regulatory action one degree less severe — from March 1999.

Among other things, the FDIC questioned supervision of the bank's lending, asserting it extended credit to borrowers who lack sufficient repayment ability, and voiced concern about questionable collateral.

The FDIC also contended the bank has operated with marginal earnings and inadequate oversight of insider-related transactions and potential conflicts of interest.

The FDIC required a review of CBC's management and lending officials to determine whether they had the necessary lending and collection experience and ordered the bank to establish a board whose members were independent of the bank.

The agency said CBC board members were not allowed to own more than 5 percent of voting stock and could not be related to bank officers. The bank also was supposed to clean its books of all prior bad assets.

The FDIC said in a statement it expects to announce in the next few days whether it has found a buyer for CBC's deposits.

*Copyright © 2002, Southern Connecticut Newspapers, Inc.*



© 2002, Southern Connecticut Newspapers, Inc.
All rights reserved. Reproduction in whole or in part without permission is prohibited.
Terms of Service | Privacy Policy

Powered by Genuity

http://www.stamfordadvocate.com/news/local/scn-sa-bank3jun27.story?coll=stam%2Dnews%...   6/27/02

# EXHIBIT 8

F



July 26, 2002

John S. Diaconis
Assistant Vice President &
Claims Counsel
Telephone (212) 277-0476
Facsimile (917) 464-2351
john.diaconis@thehartford.con

Joanna Brancaleoni
Swett & Crawford
Two Wall Street, 10th Floor
New York, NY 10005

RE: **INSURER:** HARTFORD INSURANCE COMPANY OF ILLINOIS ("HARTFORD")
**INSURED:** CBC
**POLICY NO.:** NDA 0200230-01
**MATTER:** FDIC
**OUR REF. NO.:** 02288430

Dear Ms. Brancaleoni:

On behalf of Hartford, we acknowledge receipt of your letter of July 1, 2002, together with the enclosed Accord Form. The Accord Form states "Insured Bank shut down and seized by Dept. of Bankruptcy." We also acknowledge receipt of Darren Schulman's letter of June 26, 2002, regarding the above matter. In that letter, the Insured states that "its directors and officers, including but not limited to its chairman, Randolph W. Lenz, and its President and CEO, J. Donald Weand, Jr., may be subject to claims for wrongful acts." The letter encloses a "Prompt Corrective Action Directive Ordering Dismissal" issued by the FDIC on June 25, 2002.

Hartford issued policy NDA 0200230-01 on a claims made and reported basis with a Policy Period of July 1, 2001 to July 1, 2002 with limits of $5 million, subject to a $250,000 retention under Insuring Agreement A.

The Policy defines Claim as follows:

    IV.    DEFINITIONS

        (A)    "Claim" means:

            (1)    a written demand for civil damages or other civil relief commenced by the **Insureds'** receipt of such demand,

            (2)    a civil proceeding commenced by the service of a complaint or similar pleading, or

Hartford Financial Products
2 Park Avenue
New York, NY 10016

Joanna Brancaleoni
July 26, 2002
Page 2

   (3) a formal administrative or regulatory proceeding commenced by the filing of a notice of charges, formal investigative order or similar document,

  against **Directors** or **Officers** or, with respect to Insuring Agreement (C), the **Company**, for a **Wrongful Act**, including any appeal therefrom.

Based on the foregoing, we reserve Hartford's rights as to whether the notification letters and attachments thereto constitute a Claim as defined by the Policy.

In addition to the foregoing, we draw your attention to Paragraph VIII, as follows:

VIII. Notice

 (A) If during the **Policy Period** the **Insureds** become aware of a specific **Wrongful Act** that may reasonably be expected to give rise to a **Claim** against any **Director** or **Officer** or, with respect to Insuring Agreement (C), the **Company**, and if such **Wrongful Act** is reported to the Insurer during the **Policy Period** in writing with particulars as to the reasons for anticipating such a **Claim**, the nature and dates of the alleged **Wrongful Act**, the alleged damages sustained, the names of potential claimants, and **Director** or **Officer** involved in the alleged **Wrongful Act** and the manner in which the **Insureds** first became aware of the specific **Wrongful Act**, then any **Claim** subsequently arising from such duly reported **Wrongful Act** shall be deemed under this Policy to be a **Claim** made during the **Policy Period** in which the **Wrongful Act** is first duly reported to the Insurer.

It does not appear that the notification letters have detailed the nature of any wrongful acts, the alleged damages sustained and the names of potential claimants as required by the foregoing section. Based on the foregoing, we reserve Hartford's rights as to whether the notification letters comply with Paragraph VIII of the Policy.

Finally, we draw your attention to Endorsement No. 4 as follows:

  It is understood and agreed that the Insurer shall not be liable to make any payment for **Loss** in connection with any **Claim** made against the **Directors** or **Officers** or, with respect to Insuring Agreement C, the **Company**, brought or maintained by or on behalf of the Resolution Trust Corporation, Office of Thrift Supervision, Federal Deposit Insurance Corporation, the Comptroller of the Currency, or similar federal or state supervisory or regulatory authority or any director, commissioner or similar administrator thereof (collectively referred herein as "Agencies"), regardless of whether such Agencies are acting in the capacity of

Joanna Brancaleoni
July 26, 2002
Page 3

depository insurance organization, regulatory agency, receiver, conservator or liquidator of any institution or otherwise, and further without regard to whether such **Claim** is brought in the name of such Agencies, by or on behalf of such Agencies in the name of the **Company**, another entity or individual, or otherwise.

In the event, however, of a judgment or other final adjudication establishing no liability on the part of any **Insureds** for any **Claim(s)** which would otherwise be excluded by the terms of this Endorsement, the Insurer hereby agrees that the **Claims Expenses** with regard to any **Claim(s)** shall not be excluded from coverage by reason of this Endorsement, provided any coverage afforded for such **Claims Expenses** shall be subject to a $2,500,000 Limit of Liability (excess of the amount of the applicable RETENTION shown in ITEM D of the DECLARATIONS), provided always that such Limit of Liability shall be part of and not in addition to the LIMIT OF LIABILITY provided in ITEM C of the DECLARATIONS.

All other terms and conditions of this Policy remain unchanged.

Please note we reserve Hartford's rights and defenses under Endorsement No. 4 to the Policy as well as under all other terms, conditions and exclusions of the policy and at law and equity.

At present, we will defer determination whether the notification letters constitute a Claim and/or otherwise comply with Paragraph VIII of the Policy until such time as additional information is received or action by third parties develops. Should you not be in agreement with this course of action, please let us know.

Should you have any questions with respect to the foregoing, please do no hesitate to give me a call. Thank you for your attention to the foregoing.

Very truly yours,

John S. Diaconis

JSD/dr
Q:\D&O Claims\DIACONIS\JB 07-23-02.doc

cc:   Darren Schulman
      Connecticut Bank of Commerce
      90 Broad Street
      New York, NY  1004-2290

      Joseph Coppola
      Hartford Financial Products