ORIGINAL

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------------------------------X
MARSHALL ASCHE, STEVEN B. LEVINE,    )
TIMOTHY S. REED, MARCIAL CUEVAS and   )
JACK WILLIAM DUNLAP,               )
                                   )
                Plaintiffs.        )
                                   )
        -against-                  )        Case No. 303CV0416 PCD
                                   )
HARTFORD INSURANCE COMPANY          )
OF ILLINOIS,                       )
                                   )
                Defendant.         )
                                   )
------------------------------------------------------------X

## PLAINTIFFS' CROSS-MOTION TO COMPEL AND FOR A CONTINUANCE PURSUANT TO RULES 37(a) AND 56(f)

Plaintiffs, Marshall Asche, Steven B. Levine, Timothy S. Reed, Marcial Cuevas

and Jack William Dunlap (collectively, the "Outside Directors" or "Plaintiffs"), by their

counsel, move to compel Defendant Hartford Insurance Company of Illinois ("Hartford"

or "Defendant") to respond to Plaintiffs' First Request for Production of Documents

served on Defendant's counsel on October 1, 2004 and due on October 31, 2004,

pursuant to Rule 37(a) of the Federal Rules of Civil Procedure, and for a continuance to

permit discovery to be obtained from Defendant to oppose its motion for summary

judgment pursuant to Rule 56(f) of the Federal Rules of Civil Procedure.

This is an insurance coverage action for breach of contract and for declaratory

judgment.  The Plaintiffs were outside directors of the Connecticut Bank of Commerce

("CBC"), a bank that was taken over by the Connecticut Department of Banking

("CDOB") and Federal Deposit Insurance Corporation ("FDIC") on June 26, 2002. The Plaintiffs allege that Hartford is obligated to provide insurance coverage to them under a Directors, Officers and Company liability insurance policy (the "Policy") for various claims asserted against them arising from the CDOB's and FDIC's takeover of CBC and the reasons for its collapse.

Prior to the discovery cut-off, Plaintiffs served Defendant with a document request on October 1, 2004. To date, Defendant has not responded to this document request. Instead, it has made a motion for summary judgment. Although Defendant's motion for summary judgment is deficient for reasons discussed in the accompanying memorandum of law, which is incorporated by reference herein, Plaintiffs' respectfully submit that they should be afforded an opportunity to review the documents requested from Defendant for the purpose of opposing Defendant's motion for summary judgment and to assess whether there are sufficient undisputed facts that would permit liability in this action to be determined by the Court based upon a stipulated record.

**WHEREFORE**, for the foregoing reasons and those set forth in the accompanying Certification, Affidavits, and Memorandum of Law, Plaintiffs respectfully request that this Court deny Defendant's motion for summary judgment, and grant their cross-motion to compel and for a continuance.

Dated: January 10, 2005

By: _____

Charles A. Stewart, III (CT 17452)
cstewart@somlaw.com
STEWART OCCHIPINTI, LLP
1350 Broadway, Suite 2200
New York, New York 10018
(212) 239-5500

2

and

WEINSTEIN & WISSER, P.C.
Richard P. Weinstein (CT 06215)
29 South Main Street, Suite 207
West Hartford, CT 06107
(860) 561-2628

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
-----------------------------------------------------------X
MARSHALL ASCHE, STEVEN B. LEVINE,          )
TIMOTHY S. REED, MARCIAL CUEVAS and        )
JACK WILLIAM DUNLAP,                       )
                                           )
                       Plaintiffs.         )
                                           )
       -against-                           )        Case No. 303CV0416 PCD
                                           )
HARTFORD INSURANCE COMPANY                 )
OF ILLINOIS,                               )        **AFFIDAVIT**
                                           )
                       Defendant.          )
                                           )
-----------------------------------------------------------X
```

COUNTY OF FAIRFIELD    )
                       )    ss.:
STATE OF CONNECTICUT)

STEVEN B. LEVINE, M.D., being duly sworn, deposes and says:

1.      Along with Marshall Asche, Timothy S. Reed, Marcial Cuevas and Jack
William Dunlap, I am one of the Plaintiffs in the above captioned action. I respectfully
submit this affidavit (a) in opposition to the motion of Defendant Hartford Insurance
Company of Illinois ("Hartford" or "Defendant") which seeks summary judgment; and
(b) in support of Plaintiffs' cross-motion to compel Hartford to respond to discovery and
for a continuance, pursuant to Rules 37(a) and 56(f) of the Federal Rules of Civil
Procedure.

## THE PLAINTIFFS

2.      The Plaintiffs in this action are each former directors of Connecticut Bank of Commerce ("CBC"), a Connecticut chartered bank and trust company which was placed into receivership with the Federal Deposit Insurance Corporation ("FDIC") on June 26, 2002.

3.      Randolph Lenz, the former Chairman of CBC, asked each of the Plaintiffs to participate on the Board of CBC. To my knowledge, with the exception of Marcial Cuevas, none of the Plaintiffs had prior experience as board members of a bank prior to being asked to join CBC's Board.

4.      I am an Ear, Nose and Throat surgeon in private practice. I became a member of CBC's Board in 1996.

5.      I believe that Jack Dunlap is an engineer by training, with a Ph.D., who retired as Chief Executive Officer of an engineering company. Mr. Dunlap was already on CBC's Board when I joined in 1996.

6.      Tim Reed joined CBC's Board in 2000, a few months after CBC completed the purchase of MTB Bank in March, 2000. I believe that Mr. Reed had worked at Citibank in the financial services area.

7.      Marshall Ashe joined CBC's Board in October, 2001. Prior to joining CBC's Board, Mr. Ashe was employed as Chief Financial Officer of Northern Healthcare Inc. Before Northern Healthcare, Mr. Ashe had been employed as a partner at BDO Seidman, LLP.

8.      Marciel Cuevas had served on the board of directors of Amity Bank and was on CBC's Board when I joined in 1996. Mr. Cuevas was the President of a company

2

that was active in community affairs in Connecticut, including the provision of low income housing.

## THE FDIC'S TAKEOVER OF CBC

9.    On June 25, 2002, CBC's Board of Directors and Attorney Robert Taylor, a partner at CBC's outside counsel, Day, Berry & Howard, LLP ("DBH"), met with regulatory officials from the FDIC and the Connecticut Department of Banking ("CDOB"). These officials told us that CBC's Chairman Randolph Lenz and its President and CEO J. Donald Weand, Jr. were being dismissed from their positions at CBC. Marshall Ashe was nominated as the Chairman of CBC's Board and Barbara Van Bergen, a CBC executive, was selected to replace Donald Weand as CBC's CEO.They also provided us with various documents, including a document entitled Prompt Corrective Directive Ordering Dismissal (the "Dismissal Order").

10.    From June, 2002 through the fall of 2002, DBH was intimately involved in matters relating to the collapse of CBC and provided advice to CBC's officers and directors.

11.    Based on the meeting with the FDIC and the CDOB, Attorney Robert Taylor drafted a letter of notice to Hartford under its directors and officers ("D&O") insurance policy advising it that CBC's officers and directors may be subject to claims for wrongful acts. I learned that the draft letter was sent to Daren Schulman, the CBC Chief Operating Officer, with instructions to Mr. Schulman to print and sign the letter on CBC stationary. Mr. Schulman sent the letter to Hartford on June 26, 2002 notifying it of the meeting with the FDIC and CDOB and providing it with the Dismissal Order.

3

12.     That same day, June 26, 2002, the Commissioner of the CDOB

commenced a legal proceeding in the Superior Court of Connecticut entitled *John P.*

*Burke, Commissioner of Banking v. Connecticut Bank of Commerce*, for an *ex parte* order

appointing the FDIC as Receiver of CBC.   After June 26, 2002, CBC's Board had no

further official responsibilities respecting CBC.


**THE PLAINTIFFS' EXPECTATIONS OF COVERAGE**

13.     The CBC Outside Directors expected that Hartford's D&O policy would

afford coverage for claims against them arising from CBC's collapse and takeover by the

FDIC in June 2002.

14.     Following the FDIC's takeover of CBC, the Plaintiffs met several times

with DBH counsel.  Although we strongly believed that we bore no responsibility for the

improper loan activities that led to CBC's collapse, DBH assured us that notice had been

provided to Hartford under the D&O policy and that if any of the Plaintiffs were sued,

Hartford's D&O Policy would protect us.


**THE MEGALER ACTION**

15.     On or about October 3, 2002, Megaler, S.A., a foreign banking institution

located in Uruguay, commenced an action against, among others, each of the CBC

Outside Directors in the United States District Court for the Southern District of New

York entitled *Megaler, S.A. v. Lentz, et al.*, 02 Civ. 7925 (the "Megaler Action").   DBH

initially represented Plaintiffs in this action after advising us that the firm was in the best

position to assist us in the matter.

4

16.     Plaintiffs notified Hartford of the claims in the Megaler Action and requested defense and indemnification.   Hartford, however, denied coverage.

## THE FEDERAL AND STATE REGULATORY ACTIONS

17.     On November 22, 2002, I and the other Plaintiffs were shocked to learn that the FDIC and CDOB had commenced two separate actions against the CBC Outside Directors and alleged that we had breached fiduciary duties and been negligent in fulfilling our corporate governance duties as members of CBC's Board.   The FDIC and CDOB sought potentially millions of dollars against the CBC Outside Directors.

18.     Initially, each of us agreed that we were entirely faultless and that we should vigorously defend ourselves in these actions until we were vindicated.   Each of us had retained separate counsel to represent our interests in the FDIC and CDOB proceedings (as well as in connection with the FDIC and CDOB investigation following FDIC's takeover of CBC).

19.     Hartford was notified of the proceedings, but refused to participate. Accordingly, as with the Megaler Action, I and the other CBC Outside Directors were paying for our own legal expenses which were now mounting rapidly.   At this time, the CBC Outside Directors changed counsel from DBH,

## THE THREATENED SHAREHOLDER ACTION

20.     On January 3, 2003, I and other CBC Outside Directors received a letter from a law firm purportedly representing stockholders of CBC threatening to institute a class action against us.   We notified Hartford of this potential action.   Again, Hartford

5

advised us that there would be no coverage under its D&O policy for claims by shareholders of CBC. Therefore, if this action was commenced, the CBC Outside Directors would again be paying their own attorneys' fees and costs.

## SETTLEMENT WITH THE CDOB

21.    By mid-2003, it became apparent to the CBC Outside Directors that it was financially impossible for us to litigate against both the United States and the State of Connecticut and pay for civil actions commenced against us as a result of the collapse of CBC. Previously, in an effort to limit costs, we had asked the CDOB and FDIC to consolidate their actions, but they refused. My attorney, Richard Weinstein, told me that it would cost me $500,000 to $1.5 million to be vindicated at trial in both proceedings. At this juncture, the CBC Outside Directors began to discuss the possibility of settlement with the CDOB because the costs of settlement were going to be substantially below the amount it would cost to vindicate ourselves at trial. Ultimately, in October, 2003, the CBC Outside Directors settled with the CDOB after agreeing to pay $159,000 in total with individual settlements ranging from $17,000 to $50,000.

## THE REISER THIRD-PARTY COMPLAINT

22.    On January 23, 2004, an attorney, Samuel Reiser, commenced a third-party action against the CBC Outside Directors in the New York Supreme Court, County of New York, entitled *Bazinet v. Kluge,* Index No. 110143/01 (the "Bazinet Action"). The third-party complaint in the Bazinet Action literally copied verbatim allegations made by the FDIC in its papers. Again, the CBC Outside Directors provided notice of

6

the action to Hartford. Again, the CBC Outside Directors were forced to pay legal fees and costs arising from an action caused by the collapse of CBC.

## SETTLEMENT WITH THE FDIC

23.     In 2004, the CBC Outside Directors were finally able to conclude our settlement with the FDIC (which then immediately began to offer assistance to us in the Bazinet Action). In July, 2004, the CBC Outside Directors executed a Settlement and Release Agreement with the FDIC in which we agreed to pay a total of $401,000 in individual settlements ranging from $25,000 to $114,000. This settlement was a fraction of the amount that our attorneys advised us we would spend if the action was pursued through the trial that was expected to last 12 weeks.

24.     Indeed, in total, the CBC Outside Directors' defense costs for all CBC-related proceedings was approximately $400,000.

25.     The Settlement and Release Agreement expressly makes clear that "the FDIC has not alleged and does not claim that the Outside Directors participated in or had contemporaneous knowledge of the fraud alleged by the FDIC against Randolph W, Lenz and J. Donald Weand, Jr." Rather, the FDIC's allegation against the CBC Outside Directors was that we failed in our corporate governance duties, a contention that we continue to deny.

26.     Had Hartford not disclaimed coverage on the grounds that it was not liable for actions against the CBC Outside Directors arising from the collapse of CBC, such as the Megaler Action, the Bazinet Action and the Threatened Shareholder Action,

the CBC Outside Directors would have litigated the CDOB and FDIC actions differently

with a view to being vindicated for their conduct as CBC Board members.

_____

STEVEN B. LEVINE, M.D.

Sworn to before me this
___ day of January, 2005

_____
Notary Public

My commission expires
10/31/2007

8

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
-------------------------------------------------------------X
MARSHALL ASCHE, STEVEN B. LEVINE,          )
TIMOTHY S. REED, MARCIAL CUEVAS and        )
JACK WILLIAM DUNLAP,                        )
                                            )
                         Plaintiffs.        )
                                            )
       -against-                            )         Case No. 303CV0416 PCD
                                            )
HARTFORD INSURANCE COMPANY                  )
OF ILLINOIS,                                )
                                            )         **AFFIDAVIT**
                         Defendant.         )
                                            )
-------------------------------------------------------------X
```

STATE OF NEW JERSEY   )
                      )        ss.:
COUNTY OF CAMDEN      )

DARREN SCHULMAN, being duly sworn, deposes and says:

1.      I am the former Chief Operating Officer of the Connecticut Bank of

Commerce ("CBC") and have personal knowledge of the facts set forth herein.

2.      On June 26, 2002, CBC was closed by the Banking Commissioner,

Connecticut Department of Banking, and the Federal Deposit Insurance Corporation

("FDIC") was named receiver.

3.      On June 26, 2002, a lawyer on behalf of CBC drafted a letter for my

signature for the purpose of notifying Hartford that CBC's officers and directors "may be

subject to claims for wrongful acts." This letter also instructed Hartford to "contact me if

you have any questions or need additional information." A copy of my letter to Hartford

is attached as Exhibit 6 to the Affidavit of James Palermini accompanying Hartford's motion papers.

    4.     After the FDIC took over CBC on June 26, 2002, I continued working at CBC for the FDIC and Hudson United Bank (which assumed the insured deposits of CBC) until November 2002. At no time during this period do I recall being contacted by Hartford in response to my notice letter.

 

Darren Schulman

Sworn to before me this
7th day of January, 2005

Notary Public

**CINDY L. FORD**
**NOTARY PUBLIC OF NEW JERSEY**
**MY COMMISSION EXPIRES**
**DECEMBER 7, 2005**

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
---------------------------------------------------------X
MARSHALL ASCHE, STEVEN B. LEVINE,           )
TIMOTHY S. REED, MARCIAL CUEVAS and         )
JACK WILLIAM DUNLAP,                         )
                                            )
                          Plaintiffs.       )
                                            )
           -against-                        )          Case No. 303CV0416 PCD
                                            )
HARTFORD INSURANCE COMPANY                   )
OF ILLINOIS,                                 )
                                            )
                          Defendant.        )
                                            )
---------------------------------------------------------X
```

**CERTIFICATION OF CHARLES A. STEWART, III IN OPPOSITION TO
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND IN SUPPORT OF
PLAINTIFFS' CROSS-MOTION TO COMPEL AND FOR A CONTINUANCE
PURSUANT TO RULES 37(a) AND 56(f)**

CHARLES A. STEWART, III, an attorney admitted to practice law, certifies,

pursuant to 28 U.S.C. § 1746, under penalty of perjury, as follows:

1.     I am a member of Stewart Occhipinti, LLP, co-counsel along with

Weinstein & Wisser, LLP for Marshall Asche, Steven B. Levine, Timothy S. Reed,

Marcial Cuevas and Jack William Dunlap, the Plaintiffs in the above captioned action.  I

respectfully submit this Certification (a) in opposition to the motion of Defendant

Hartford Insurance Company of Illinois ("Hartford") for summary judgment; and (b) in

support of Plaintiffs' motion, pursuant to Rules 37(a) and 56(f) of the Federal Rules of

Civil Procedure, to compel Hartford to respond to Plaintiffs' First Request for Production

of Documents served on Defendant's counsel on October 1, 2004 and due on October 31, 2004, and for a continuance.

## STATUS OF UNDERLYING ACTIONS

2.      This is an insurance coverage action for breach of contract and for declaratory judgment.   The Plaintiffs are outside directors of the Connecticut Bank of Commerce ("CBC").  The Plaintiffs allege that Defendant Hartford Insurance Company of Illinois ("Hartford") is obligated to provide insurance coverage to them under a Directors, Officers and Company liability insurance policy (the "Policy").

3.      In the Complaint, Plaintiffs seek damages and a declaration concerning Hartford's obligation to pay "Loss" and "Claims Expenses," as those terms are defined in the Policy with respect to (a) regulatory proceedings initiated by the Commissioner of the Connecticut Department of Banking and the Federal Deposit Insurance Corporation ("FDIC") against the Plaintiffs in connection with their involvement as outside directors of CBC (the "Federal and State Regulatory Actions"); (b) claims asserted against the Plaintiffs in an action filed in the United States District Court for the Southern District of New York entitled *Megaler, S.A. v. Lentz, et al.*, 02 Civ. 7925 (the "Megaler Action"); and (c) future claims that may be filed against the Plaintiffs arising from the dismissal of CBC's Chairman, President and CEO and the FDIC's appointment as Receiver for CBC (the "Threatened Stockholder Actions").

4.      Since the complaint was filed in the instant action, although one additional lawsuit was filed against the Plaintiffs, the vast majority of the claims against them have been resolved.

5.    On September 24, 2003, the Honorable Loretta A. Preska, United States District Judge, granted the outside directors' motion to dismiss the complaint in the Megaler Action.

6.    In October, 2003, each of the Plaintiffs negotiated a settlement with the Connecticut Department of Banking ("CDOB").

7.    In July, 2004, each of the Plaintiffs negotiated a settlement with the Federal Department Insurance Corporation ("FDIC").

8.    In the action commenced after the filing of the instant action, entitled *Bazinet v. Kluge, et al.,* Index No. 110143/01, New York Supreme Court, a third-party plaintiff has asserted claims for contribution and indemnity against the CBC Outside Directors for the loss of escrowed funds deposited at CBC. The CBC Outside Directors have filed a motion to dismiss the third-party complaint and for sanctions, which is currently pending.

## SETTLEMENT DISCUSSIONS

9.    Given the relatively expeditious resolution of the majority of underlying actions involving the CBC Outside Directors, the parties sought to fully explore settlement at the onset of the insurance coverage action rather than incur potentially unnecessary litigation-related expenses and costs.

10.    Pursuant to the direction of Lawrence W. Iannotti, PJO, in March, 2004, Plaintiffs provided Hartford with a privileged and confidential statement as to why they alleged that there was insurance coverage under the Policy, and Hartford responded with its own explanation as to why it believed that there was no coverage. After this exchange

3

of letters, in furtherance of settlement discussions, Plaintiffs provided Hartford with certain detailed back-up information regarding their claims on July 29, 2004, September 13, 2004 and October 7, 2004.

## PLAINTIFFS' DOCUMENT REQUEST TO HARTFORD

11.    On October 1, 2004, prior to the expiration of the discovery cutoff, Plaintiffs served Hartford with a Request for Production of Documents and a Notice of Deposition.

12.    Since it was continuing to review the information provided by Plaintiffs, Hartford filed an Agreed Motion for Continuation of Discovery on October 27, 2004. The Court denied this request on November 4, 2004.

13.    Thereafter, Hartford filed the instant motion for summary judgment. Among other things, Hartford's motion relies on the alleged insufficiency of the notice that it received prior to the expiration of the Policy on July 1, 2002 regarding potential Claims (as that word is defined in the Policy) against the CBC Outside Directors.

14.    Several of Plaintiffs' discovery requests seek specific information regarding information that Hartford may have received regarding potential Claims against the CBC Outside Directors.  For example, Document Request No. 4 seeks: "All documents concerning CBC's or the Outside Directors notice(s) of claims or potential claims for the damage and losses that are the subject of the instant litigation, whether directly or through brokers."  Document Request No. 5 seeks: "All documents used or created by you in the course of handling, processing, reviewing, investigating, evaluating, and/or disposing of the Outside Directors' claim(s) for the losses or damages that are the

4

subject of the instant litigation." Plaintiffs also sought to depose the Hartford person(s) most familiar with, among other things, Hartford's handling, processing, review, investigation, evaluation, and/or disposition of claims for coverage under the Policy, including notice of Claims.

15.     To date, Hartford has not responded to Plaintiffs' discovery requests despite due demand. After it filed its motion, Hartford advised Plaintiffs that it will produce the documents. Such documents are not available to respond to Hartford's motion, however.

## RECENT INFORMATION RELATING TO HARTFORD'S MOTION

16.     In its motion, Hartford included a notice form sent on July 1, 2002. Based on this document, I learned that First Union Insurance Agency had some involvement in the issuance of notice to Hartford and contacted it. On January 6, 2005, Ms. Sandy Rucereto of First Union sent me materials confirming her recollection that, in June, 2002, Hartford had requested a copy of the November 30, 2001 Cease and Desist Order. First Union is continuing to review its files for documents reflecting communications with Hartford in the spring and summer of 2002.

## EXHIBITS

17.     Attached hereto as Exhibit "A" is a true and accurate copy of Plaintiffs' Complaint with exhibits bates-numbered P 001 to P 0145.

18.     Attached hereto as Exhibit "B" is a true and accurate copy of the third-party complaint in the Bazinet Action.

5

19.     Attached hereto as Exhibit "C" is a true and accurate copy of a Settlement and Release agreement dated October 27, 2003 between Steven B. Levine, one of the CBC Outside Directors, and the CDOB.   ·

20.     Attached hereto as Exhibit "D" is a true and accurate copy of the fully executed Settlement and Release Agreement between the FDIC and the CBC Outside Directors, including the FDIC's Notice of Order dated July 6, 2004 dismissing with prejudice the FDIC's Notice of Charges.

21.     Attached hereto as Exhibit "E" is a true and accurate copy of Plaintiffs' First Request for Production of Documents to Defendant.

22.     Attached hereto as Exhibit "F" is a true and accurate copy of Plaintiffs' Notice of Deposition to Defendant.

23.     Attached hereto as Exhibit "G" is a true and accurate copy of documents sent to this law firm on January 6, 2005 by First Union.


Dated: January 6, 2005

_____
Charles A. Stewart, III