UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

-----------------------------------------------------------X
MARSHALL ASCHE, STEVEN B. LEVINE,
TIMOTHY S. REED, MARCIAL CUEVAS and           **303CV0416 PCD**
JACK WILLIAM DUNLAP,

                Plaintiffs.

-against-

HARTFORD INSURANCE COMPANY                    SUMMONS
OF ILLINOIS,

                Defendant.

-----------------------------------------------------------X

    To:   (Name and address of Defendant)

         HARTFORD INSURANCE COMPANY OF ILLINOIS  (Head Office)
         600 Oakhurst Drive
          Naperville, IL 60540

         or

         Hartford Plaza (Administrative Office)
         Hartford, CT 06115

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY:

         Richard Weinstein
         Weinstein & Wisser, P.C.
         29 South Main Street, Suite 207
         West Hartford, CT  06107

P 0001

an answer to the complaint which is served on you with this summons, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

*KEVIN F. ROWE*
Clerk

*March 10, 2003*
Date

*Barbara Healy*
(by) Deputy Clerk

≈AO 440 (Rev. 8/01) Summons in a Civil Action

| RETURN OF SERVICE | | |
|---|---|---|
| Service of the Summons and complaint was made by me[1] | DATE | |
| NAME OF SERVER (PRINT) | TITLE | |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served: _____

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

   Name of person with whom the summons and complaint were left: _____

☐ Returned unexecuted: _____

☐ Other (specify): _____

| STATEMENT OF SERVICE FEES | | |
|---|---|---|
| TRAVEL | SERVICES | TOTAL |

**DECLARATION OF SERVER**

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____
                  Date

_____
Signature of Server

_____
Address of Server

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

P 0003

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| 141 CHURCH STREET | 450 MAIN STREET | 915 LAFAYETTE BLVD | 14 COTTAGE PLACE |
|---|---|---|---|
| NEW HAVEN, CT 06510 | HARTFORD, CT 06103 | BRIDGEPORT, CT 06604 | WATERBURY, CT 06702 |
| (203) 773-2140 | (860) 240-3200 | (203) 579-5861 | (203) 597-6311 |

NOTICE TO COUNSEL AND PRO SE PARTIES

THE ATTACHED CASE HAS BEEN ASSIGNED TO DISTRICT JUDGE PETER C. DORSEY WHO SITS IN NEW HAVEN. COUNSEL AND PRO SE PARTIES SHOULD FILE ALL FUTURE PLEADINGS OR DOCUMENTS IN THIS MATTER WITH THE CLERK'S OFFICE IN NEW HAVEN. ANY ATTEMPT TO FILE PLEADINGS OR OTHER DOCUMENTS RELATED TO THIS ACTION IN ANY OF THE OTHER SEATS OF COURT WILL RESULT IN THOSE PLEADINGS OR DOCUMENTS BEING REFUSED AT THE COURT OR BEING RETURNED TO YOUR OFFICE. SEE D.CONN. L. CIV. R. 3(a).

COUNSEL AND PRO SE PARTIES ARE REQUIRED TO BECOME FAMILIAR WITH AND ABIDE BY THE FEDERAL RULES OF CIVIL PROCEDURE, THE LOCAL RULES OF CIVIL PROCEDURE FOR THE DISTRICT OF CONNECTICUT AND STANDING ORDERS REGARDING SCHEDULING IN CIVIL CASES AND THE FILING OF TRIAL MEMORANDA.

COUNSEL AND PRO SE PARTIES ARE HEREBY NOTIFIED THAT FAILURE TO FILE AND SERVE A MEMORANDUM IN OPPOSITION TO A MOTION, WITHIN 21 DAYS AFTER THE MOTION IS FILED, MAY BE DEEMED SUFFICIENT CAUSE TO GRANT THE MOTION. FAILURE TO FILE AND SERVE A MEMORANDUM IN OPPOSITION TO A MOTION TO DISMISS WITHIN 21 DAYS AFER THE MOTION IS FILED MAY BE DEEMED SUFFICIENT CAUSE TO GRANT THE MOTION, EXCEPT WHERE THE PLEADINGS PROVIDE SUFFICIENT GROUNDS TO DENY THE MOTION. SEE D.CONN. L. CIV. R. 7(a)1

COUNSEL AND PRO SE PARTIES ARE FURTHER NOTIFIED THAT THEY ARE REQUIRED TO COMPLY WITH REQUIREMENTS RELATING TO MOTIONS FOR SUMMARY JUDGMENT AS SET FORTH IN FED. R. CIV. P. 56 AND D.CONN. L. CIV. R. 56. A PARTY MAY MOVE FOR SUMMARY JUDGMENT WHEN THAT PARTY BELIEVES THERE IS NO GENUINE ISSUE OF MATERIAL FACT REQUIRING TRIAL AND THE PARTY IS ENTITLED TO JUDGMENT AS A MATTER OF LAW. THE MOTION MAY BE DIRECTED TOWARD ALL OR PART OF A CLAIM OR DEFENSE AND IT MAY BE MADE ON THE BASIS OF THE PLEADINGS OR OTHER PORTIONS OF THE RECORD IN THE CASE OR IT MAY BE SUPPORTED BY AFFIDAVITS AND OTHER MATERIALS OUTSIDE THE PLEADINGS.

WHEN A PARTY SEEKING SUMMARY JUDGMENT (THE "MOVING PARTY") FILES A SUPPORTING AFFIDAVIT, THE PARTY OPPOSING SUMMARY JUDGMENT MUST FILE AN AFFIDAVIT, OR OTHER DOCUMENTARY EVIDENCE, CONTRADICTING THE MOVING PARTY'S SUBMISSIONS TO DEMONSTRATE THAT THERE ARE FACTUAL ISSUES REQUIRING A TRIAL. FACTS ASSERTED IN THE AFFIDAVIT(S) OF THE MOVING PARTY WILL BE TAKEN AS TRUE IF NOT CONTROVERTED BY COUNTER-AFFIDAVITS OR OTHER DOCUMENTARY EVIDENCE.

LOCAL CIVIL RULE 56(a) REQUIRES THE PARTY SEEKING SUMMARY JUDGMENT TO FILE A DOCUMENT ENTITLED " LOCAL RULE 56(a)1 STATEMENT," WHICH SETS FORTH IN SEPARATELY

(Revised 1/2/03)

(OVER)

NUMBERED PARAGRAPHS A CONCISE STATEMENT OF EACH MATERIAL FACT AS TO WHICH THE MOVING PARTY CONTENDS THERE IS NO GENUINE ISSUE TO BE TRIED. THE MATERIAL FACTS SET FORTH IN THIS STATEMENT SHALL BE DEEMED ADMITTED UNLESS CONTROVERTED BY THE "LOCAL RULE 56(a)2 STATEMENT" REQUIRED TO BE SERVED BY THE OPPOSING PARTY. THE PARAGRAPHS IN THE 56(a)2 STATEMENT SHALL CORRESPOND TO THE PARAGRAPHS IN THE 56(a)1 STATEMENT AND SHALL STATE WHETHER THE FACTS ASSERTED BY THE MOVING PARTY ARE ADMITTED OR DENIED. THE LOCAL RULE 56(a)2 STATEMENT MUST ALSO INCLUDE IN A SEPARATE SECTION A LIST OF EACH ISSUE OF MATERIAL FACT AS TO WHICH IT IS CONTENDED THERE IS A GENUINE ISSUE TO BE TRIED.

    COUNSEL AND PRO SE PARTIES ARE ALERTED TO THE REQUIREMENTS OF FED. R. CIV. P. 26(f) AND LOCAL CIVIL RULE 26, WHICH REQUIRE THAT THE PARTIES CONDUCT A CASE MANAGEMENT PLANNING CONFERENCE AND PREPARE AND FILE A REPORT OF THE CONFERENCE ON FORM 26(f) WHICH APPEARS IN THE APPENDIX TO THE LOCAL RULES.

    COUNSEL AND PRO SE PARTIES ARE FURTHER ADVISED THAT THEY MAY REQUEST A REFERRAL OF THEIR CASE TO A UNITED STATES MAGISTRATE JUDGE FOR DISPOSITION. SEE 28 U.S.C. 636 AND RULE 77.2 OF THE LOCAL RULES FOR UNITED STATES MAGISTRATE JUDGES.

                                               KEVIN F. ROWE, CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

## ORDER ON PRETRIAL DEADLINES

Unless otherwise ordered by the Judge to whom this is case is assigned, the parties shall adhere to the following deadlines:

(a) In accordance with Local Civil Rule 26(e), within thirty days of the appearance of a defendant, the parties shall confer for the purposes described in Fed. R.Civ. P. 26(f). Within ten days thereafter, the parties shall jointly file a report on Form 26(f), which appears in the Appendix to the Local Civil Rules.

(b) All motions relating to joinder of parties, claims or remedies, class certification, and amendment of the pleadings shall be filed within 60 days after filing of the complaint, the filing of a petition for removal, or the transfer of an action from another District.

(c) All motions to dismiss based on the pleadings shall be filed within 90 days after the filing of the complaint, the filing of a petition for removal, or the transfer of an action from another District. The filing of a motion to dismiss shall not result in the stay of discovery or extend the time for completing discovery.

(d) Formal discovery pursuant to the Federal Rules of Civil Procedure may not commence until the parties have conferred as required by Fed. R. Civ. P. 26(f) and Local Civil Rule 26(e) but parties may commence formal discovery immediately thereafter without waiting entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b). Informal discovery by agreement of the parties is encouraged and may commence at anytime. Unless otherwise ordered, discovery shall be completed within 6 months after the filing of the complaint, the filing of a petition for removal, or the date of transfer of an action from another District.

(e) Unless otherwise ordered, all motions for summary judgment shall be filed within 7 months after the filing of the complaint, the filing of a petition for removal, or the date of transfer from another District.

Unless specifically ordered by the Court, an extension of time to comply with any one of the time limits in this Order does not automatically extend the time to comply with subsequent time limits.

Counsel for plaintiff or removing defendant shall be responsible for serving a copy of this order on all parties to the action.

By Order of the Court
Kevin F. Rowe, Clerk

---

This Order is issued pursuant to the Standing Order on Scheduling In Civil Cases, which appears in the Appendix to the Local Civil Rules

(Rev. 1/2/03)

P 0006

## SUPPLEMENTAL ORDER

## MOTION FILING PROCEDURE BEFORE JUDGE DORSEY

The goal of the Order is to reduce filings, to expedite case resolution, to reduce the cost of processing cases, to reduce work for the Clerk's Office, to allow filings to be docketed consecutively, to promote cooperation among counsel, and to eliminate unnecessary motion adjudication. Counsel should read the Order below carefully to maximize the advantages for themselves, for the parties, and for the Court.

1. The Order applies to all motions except those listed below.
   a) for Admission *Pro Hac Vice*;
   b) to Withdraw;
   c) for Security for Costs;
   d) to Proceed *In Forma Pauperis*;
   e) for Appointment of Counsel;
   f) for TRO;
   g) to File Overlength Memoranda;
   h) to File Supplemental Memoranda;
   I) for Default for Failure to Appear;
   j) for Default Judgment;
   k) for Enlargement of Time;
   l) those directed solely at or in relation to other than the appearing parties;
   m) those as may be excused for good cause shown;
   n) under FED. R. CIV. P. 50(b);
   o) under FED. R. CIV. P. 59;
   p) for Reconsideration under D. CONN. L. CIV. R. 7(c); and
   q) for Attorneys' Fees and/or Sanctions under D. CONN. L. CIV. R. 11(a).

2. Before filing any motion, moving counsel shall consult all counsel to try to reach agreement as to the subject of the proposed motion. Any agreement reached may be confirmed by a stipulation or a motion on consent, either of which shall be effective only on approval by the Court.

3. Absent agreement, moving counsel shall serve on all counsel the proposed motion and all moving papers, certifying thereon the fact and date of such service. The original motion and moving papers should not be filed with the Court, though counsel shall file an original certification to reflect compliance with a motion-filing deadline otherwise fixed by law, by Federal Rule of Civil Procedure, by Local Rule, or by scheduling order of this Court.

4. Counsel so served shall within twenty-one (21) days of the service date:
   a) serve on moving counsel a stipulation reflecting acquiescence in the motion; or
   b) serve on moving counsel an original memorandum in opposition, together with any opposing papers and with a certification of the fact and date of such service. Counsel shall serve copies on all other counsel. The same should not be filed with the Court though counsel may file a certificate of service with the Court, listing the documents served and the fact and date of such service.

(Revised 1/2/03)

P 0007

5. Moving counsel then shall:

   a) after receipt of a stipulation, join in the stipulation and file the same with the Court;

   b) after receipt of an original memorandum in opposition, file the original memorandum in opposition together with any opposing papers, with the original motion, and with all moving papers on the Court. Any reply memoranda may be filed directly with the Court, at the same time serving copies of the reply memoranda on all other counsel; or

   c) absent opposition after twenty-one (21) days from the date of service or absent a stipulation, file with the Court the original motion and all moving papers, a certification of compliance with this Order and the absence of a receipt of opposition, and a request that the motion be granted absent any known opposition.

6. Sur-reply memoranda and any supplemental papers shall be filed only with a motion for leave to file.

7. When filing cross-motions, such as for summary judgment, counsel may:

   a) file each motion separately, such that each motion is filed in compliance with the Order as its own complete package; or

   b) coordinate their filings with opposing counsel such that both cross-motions are filed as a single joint package, with memoranda appropriately titled as in opposition of one motion and as in support of the other motion.

8. Any motion or filing not in compliance with this Order shall not be accepted for filing. Any motion filed in compliance with this Order without opposition may be granted absent opposition.

9. Chambers copies of filings are not encouraged, except when requested by the Court, when the matter is to be resolved on an expedited basis, or when in the opinion of counsel chambers copies would be appropriate.

10. The following shall apply to Motions for Enlargement of Time:

    a) In addition to the requirements of D. CONN. L. CIV. R. 7(b), counsel shall set forth in detail what has been done and what needs to be accomplished which would thereby justify the amount of time requested. Absent such showing, the motions may be denied.

    b) Requests for an extension of time filed at or after an expiration date do not reflect good planning and may warrant denial of the request.

P 0008

# UNITED STATES DISTRICT COURT

# DISTRICT OF CONNECTICUT

## ORDER RE: DISCLOSURE STATEMENT

ANY NONGOVERNMENTAL CORPORATE PARTY TO AN ACTION IN THIS COURT SHALL FILE A STATEMENT IDENTIFYING ALL ITS PARENT CORPORATIONS AND LISTING ANY PUBLICLY HELD COMPANY THAT OWNS 10% OR MORE OF THE PARTY'S STOCK. A PARTY SHALL FILE THE STATEMENT WITH ITS INITIAL PLEADING FILED IN THE COURT AND SHALL SUPPLEMENT THE STATEMENT WITHIN A REASONABLE TIME OF ANY CHANGE IN THE INFORMATION. COUNSEL SHALL APPEND A CERTIFICATE OF SERVICE TO THE STATEMENT IN COMPLIANCE WITH LOCAL RULE 5(b).

COUNSEL FOR PLAINTIFF OR REMOVING DEFENDANT SHALL BE RESPONSIBLE FOR SERVING A COPY OF THIS ORDER UPON ALL PARTIES TO THE ACTION.

BY ORDER OF THE COURT
KEVIN F. ROWE, CLERK

Revised 1/2/03

P 0009

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

NOTICE TO COUNSEL
FOR CASES REMOVED FROM SUPERIOR COURT

### STANDING ORDER

All parties removing actions to this Court pursuant to 28 U.S.C. §1441 shall, no later than five (5) days after filing a notice of removal, file and serve a signed statement that sets forth the following information:

1. The date on which each defendant first received a copy of the summons and complaint in the state court action.
2. The date on which each defendant was served with a copy of the summons and complaint, if any of those dates are different from the dates set forth in item 1.
3. In diversity cases, whether any defendant who has been served is a citizen of Connecticut.
4. If removal takes place more than thirty (30) days after any defendant first received a copy of the summons and complaint, the reasons why removal has taken place at this time.
5. The name of any defendant served prior to the filing of the notice of removal who has not formally joined in the notice of removal and the reasons why any such defendant did not join in the notice of removal.

At the time a removal notice is filed with the Clerk of this Court, the removing party shall also file with the Clerk a separate notice, entitled "Notice of Pending Motions," specifying any pending motions that require action by a Judge of this Court and attaching a true and complete copy of each such motion and all supporting and opposition papers.

The removing party shall list in its certificate of service immediately below the name and address of counsel the name of the party or parties represented by said counsel and all parties appearing pro se.

### NOTICE TO COUNSEL RE LOCAL RULE 5(a)

To ensure that our records are complete and to ensure that you receive notice of hearings and any court rulings, PLEASE FILE AN APPEARANCE with this office in accordance with Local Rule 5(a) of the Local Rules of Civil Procedure for the District of Connecticut.

### NOTICE RE PLANNING CONFERENCE AND REPORT

Pursuant to Fed. R. Civ. P. 26 and Local Civil Rule 26(e) counsel and pro se parties must conduct a case management conference within 30 days of the appearance of the opposing party and must jointly file a planning conference report within 10 days thereafter using Form 26(f), which appears in the Appendix to the Local Rules.

Counsel for the removing defendant(s) is responsible for immediately serving a copy of this notice on all counsel of record and all unrepresented parties at their last known address.

KEVIN F. ROWE
CLERK OF COURT

(Revised 1-2-03)

P 0010

JS 44
(Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
MARSHALL ASCHE
215 RONBRU DRIVE
NEW ROCHELLE, NEW YORK

## DEFENDANTS
HARTFORD INSURANCE COMPANY OF ILLINOIS
600 OAKHURST DRIVE
NAPERVILLE, ILLINOIS  60540

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF __WESTCHESTER__
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT __N/A__
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
WEINSTEIN & WISSER, 29 S. MAIN ST.,
WEST HARTFORD, CT  860-561-2628

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☒ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury — Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 365 Personal Injury — Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment / HABEAS CORPUS: | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty | | ☐ 871 IRS — Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights / ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | | |
| ☐ 290 All Other Real Property | / ☐ 550 Civil Rights | | | |
| | / ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

28 USC §§ 2201 and 2202 - Breach of contract and declaratory judgment

P 0011

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ See complaint

CHECK YES only if demanded in complaint
JURY DEMAND: ☒ YES  ☐ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):
JUDGE _____  DOCKET NUMBER _____

DATE: 3-10-03

SIGNATURE OF ATTORNEY OF RECORD

RICHARD P. WEINSTEIN

FOR OFFICE USE ONLY

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

## CIVIL COVER SHEET

Page 2

**I. (a)   PLAINTIFFS**

    Steven B. Levine
    17 Sachem Road
    Weston, CT

    Timothy S. Reed
    435 Bianca Avenue
    Coral Gables, FL

    Marcial Cuevas
    57 Stevenson Road
    New Haven, CT

    Jack William Dunlap
    125 Ocean Drive West
    Stamford, CT

**(c)   ATTORNEYS**

    STEWART OCCHIPINTI & MAKOW, LLP
    Charles A. Stewart, III
    Frank S. Occhipinti
    1350 Broadway, Suite 2200
    New York, NY  10018
    (212) 239-5500

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---------------------------------------------------------------X
MARSHALL ASCHE, STEVEN B. LEVINE,
TIMOTHY S. REED, MARCIAL CUEVAS and
JACK WILLIAM DUNLAP,

                                Plaintiffs.                 **303CV0416 PCD**

  -against-

HARTFORD INSURANCE COMPANY                        COMPLAINT
OF ILLINOIS,

                                Defendant.

---------------------------------------------------------------X

      Plaintiffs, Marshall Asche, Steven B. Levine, Timothy S. Reed, Marcial Cuevas and Jack William Dunlap (collectively, the "Outside Directors" or "Plaintiffs"), by their attorneys, Weinstein & Wisser, P.C. and Stewart Occhipinti & Makow, LLP, as and for their Complaint against Hartford Insurance Company of Illinois ("Hartford" or "Defendant"), allege as follows:

### INTRODUCTION

      1.   This is an insurance coverage action for breach of contract and for declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202. As discussed below, Hartford is obligated to provide insurance coverage to the Outside Directors under Directors, Officers and Company liability insurance policy no. NDA 0200230-01 (the "Policy") for various claims that have been, or may be, asserted against the Outside Directors in connection with their involvement as directors of the Connecticut Bank of Commerce ("CBC").

2. The Outside Directors seek damages and a declaration concerning Hartford's obligation to pay "Loss" and "Claims Expenses," as those terms are defined in the Policy with respect to (a) regulatory proceedings initiated by the Commissioner of the Connecticut Department of Banking ("CDOB") and/or the Federal Deposit Insurance Corporation ("FDIC") against the Outside Directors in connection with the FDIC's appointment as Receiver for CBC (the "FDIC Action"); (b) claims asserted against the Outside Directors in an action filed in the United States District Court for the Southern District of New York entitled *Megaler, S.A. v. Lentz, et al.*, 02 Civ. 7925 (the "Megaler Action"); and (c) future claims that may be filed against the Outside Directors arising from the dismissal of CBC's Chairman, President and CEO and the FDIC's appointment as Receiver for CBC and the reasons therefor.

## THE PARTIES

3. Plaintiff Marshall Asche ("Asche") is a resident of the State of New York.

4. Plaintiff Steven B. Levine is a resident of the State of Connecticut.

5. Plaintiff Timothy S. Reed is a resident of the State of Florida.

6. Plaintiff Marcial Cuevas is a resident of the State of Connecticut.

7. Plaintiff Jack William Dunlap is resident of the State of Connecticut.

8. Upon information and belief, Defendant Hartford is a general liability insurance company incorporated under the laws of Illinois with its principal place of business in Naperville, Illinois.

## JURISDICTION AND VENUE

9. The Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 2201 and 1332, in that each of the Plaintiffs and the Defendant are citizens of different States, the amount in controversy exceeds $75,000, exclusive of interest and costs, and the matter presents a case of actual controversy between the parties. The Court has personal jurisdiction over Defendant Hartford because, among other things, it is licensed to engage in, and does engage in, business within the State of Connecticut.

10. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(a)(2) because of a substantial portion of the events or omissions giving rise to Plaintiffs' claims occurred in this judicial district.

## THE POLICY

11. Insuring Clause A of the Policy provides coverage for "Loss" (including Claims Expenses) that CBC's officers and directors become legally obligated to pay as a result of a "Claim" first made during the "Policy Period" for a "Wrongful Act" that took place during or prior to the policy Period. A copy of the Policy is attached hereto and incorporated herein as Exhibit "A."

12. Section IV(J) of the Policy defines "Loss" as follows:

> "Loss" means sums which the Officers and Directors ... are legally obligated to pay solely as a result of any Claim insured by this Policy, including Claims Expenses, compensatory damages, settlement amounts and legal fees and costs awarded pursuant to judgments, but excluding fines, penalties, taxes and any amount allocated to uncovered Loss pursuant to Section VII of this Policy, or matters uninsurable pursuant to applicable law, provided this definition does not exclude punitive or exemplary

3

    damages or the multiple portion of any multiplied damages
    award unless such damages are uninsurable pursuant to
    applicable law.

13.  The Policy provides that Hartford shall advance on behalf of the Officers and Directors "Claims Expenses" that they have incurred in connection with Claims made against them.

14.  Section IV(B) of the Policy defines "Claims Expenses" as "that portion of Loss consisting of reasonable and necessary fees (including attorneys' fee and experts' fees) and expenses incurred in the defense or appeal of a Claim, but shall not include the wages, salaries, benefits or expenses of any Directors, Officers or employees of the Company."

15.  Section IV(A) of the Policy defines "Claim" as:

 (1) a written demand for civil damages or other civil relief commenced by the Insureds' receipt of such demand,

 (2) a civil proceeding commenced by the service of a complaint or similar pleading, or

 (3) a formal administrative or regulatory proceeding commenced by the filing of a notice of charges, formal investigative order or similar document,

against Directors or Officers ... for a Wrongful Act, including any appeal therefrom.

16.  Section IV(O) of the Policy defines "Wrongful Act" as:

 (1) any actual or alleged error, misstatement, misleading statement, act, omission, neglect or breach of duty, committed or attempted by the Directors and Officers, in their capacity as such, or in an Outside position
   ...

P 0016

17. Section IV (I) of the Policy defines "Interrelated Wrongful Acts" as "Wrongful Acts that have as a common nexus any fact, circumstance, situation, event, transaction, cause or series of causally connected facts, circumstances, situations, events, transactions or causes."

18. Section VI(D) of the Policy, in the section entitled "Limits of Liability, Retention and Coinsurance," states that "[a]ll Claims arising out of the same Wrongful Act or Interrelated Wrongful Acts of one or more of the Insureds shall be considered a single Claim. Such Claims shall be deemed to be first made on the date the first Claim is made or deemed to be made pursuant to Section VIII.(A) of this Policy, regardless of whether such date is before or during the Policy Period.

19. Section VIII of the Policy, entitled "Notice," states as follows:

(A)   If during the Policy Period the Insureds become aware of a specific Wrongful Act that may reasonably be expected to give rise to a Claim against any Director or Officer … and if such Wrongful Act is reported to the Insurer during the Policy Period in writing with particulars as to the reasons for anticipating such Claim, the nature and dates of the alleged Wrongful Act, the alleged damages sustained, the names of potential claimants, any Director or Officer involved in the alleged Wrongful Act and the manner in which the Insureds first became aware of the specific Wrongful Act, <u>then any Claim subsequently arising from such duly reported Wrongful Act shall be deemed under this Policy to be a Claim made during the Policy Period in which the Wrongful Act is first reported to the Insurer.</u>

(Emphasis supplied)

20. The "Policy Period" of the Policy was July 1, 2001 to July 1, 2002.

## THE BOARD OF DIRECTORS' MEETING WITH THE FDIC

21. On June 25, 2002, CBC's Board of Directors met with CDOB and FDIC officials who informed them that CBC's Chairman Randolph Lenz and its President and CEO J. Donald Weand, Jr were required to be dismissed from their positions at CBC. At this meeting, the Board of Directors were presented with a number of documents (the "6/25/02 FDIC Dismissal Documents"), which are attached hereto and incorporated herein as Exhibit "B." The 6/25/02 FDIC Dismissal Documents were comprised of the following:

    a) A letter dated June 25, 2002 from the FDIC to the Board of Directors stating that, pursuant to Section 38 of the Federal Deposit Insurance Act, the FDIC had issued a Prompt Corrective Directive Ordering Dismissal (the "Dismissal Order") regarding Messrs. Lenz and Weand;

    b) A copy of the Dismissal Order;

    c) A letter dated June 25, 2002 from the FDIC to the Board of Directors advising them that a joint examination conducted by the FDIC and the State of Connecticut on April 1, 2002 revealed that CBC was "Critically Undercapitalized," as defined in Section 38 of the Federal Deposit Insurance Act, 12 U.S.C. § 1831o, thereby requiring the FDIC to take certain mandatory and discretionary actions, and warning that the FDIC would be required to place CBC in receivership if certain steps were not taken by CBC to ensure compliance. The FDIC further advised the Board of Directors that

CBC had to obtain the FDIC's prior written consent to engage in a host of activities, including, entering into material transactions other than the usual course of business;

       d) A letter dated June 25, 2002 from the CDOB to the Board of Directors stating that the April 1, 2002 joint examination revealed that the "overall financial condition of [CBC] has deteriorated to the point where the bank is no longer viable." In this letter, the Commissioner of the CDOB ordered CBC's Board of Directors to arrange an immediate $35 million capital infusion into CBC in order to bring it into compliance with a prior Cease and Desist Order entered on November 30, 2001.

    22. The Dismissal Order recited a range of allegedly improper conduct resulting in the FDIC's determination that CBC was "critically undercapitalized" as revealed by the FDIC and CDOB joint examination on April 1, 2002, and it referenced various prior proceedings in which CBC had been found to be in noncompliance, including the November 30, 2001 Cease and Desist Order.

    23. Among other things, the Dismissal Order concluded that Randolph Lenz, Chairman of the Board of Directors and the majority shareholder of CBC, had caused or permitted CBC to make $20 million in loans to nominee borrowers and others, including related interests of Lenz.

### THE FDIC'S APPOINTMENT AS RECEIVER OF CBC

    24. On June 26, 2002, the day after the CDOB and the FDIC met with CBC's Board of Directors and approximately one week prior to the expiration of the Policy, the Commissioner of the CDOB (the "Commissioner") commenced a legal proceeding in the

Superior Court of Connecticut entitled *John P. Burke, Commissioner of Banking v. Connecticut Bank of Commerce*, pursuant to Sections 36a-220 and 26a-223 of the Connecticut General Statutes, for an *ex parte* order appointing the FDIC as Receiver of CBC. A copy of the Commissioner's papers in support of its *ex parte* application are attached hereto and incorporated herein as Exhibit "C."

25. In its submission to the Court, the Commissioner made the following allegations:

(a) CBC was "insolvent and in such condition that it is unsafe and unsound for such institution to continue business in that its liabilities exceed its assets and it is in an unsafe or unsound condition pursuant to section 8(b) of the Federal Deposit Insurance Act, 12 U.S.C. § 1818(b);

(b) On October 26, 1998, the Connecticut Department of Banking and the FDIC conducted an investigation of CBC which revealed that it was a "troubled institution" (as defined in 12 § CFR § 303.14 (1998)).

(c) On March 23, 1999, CBC entered into a Memorandum of Understanding with the CDOB and the FDIC in which CBC agreed, among other things, to maintain "Tier 1 capital" (as defined in 12 CFR § 325.2) at or in excess of seven and one-half (7 ½%) percent;

(d) On December 27, 1999, the CDOB and the FDIC conducted a joint examination of CBC and concluded that it was still a "troubled institution." The CDOB and the FDIC expressed that they had the following concerns about CBC's operations: