


STATE OF CONNECTICUT

DEPARTMENT OF BANKING

260 CONSTITUTION PLAZA • HARTFORD, CT 06103-1800

**John P. Burke**
Commissioner

October 24, 2003

Richard P. Weinstein, Esq.
Weinstein & Wisser
29 South Main Street, Suite 207
West Hartford, CT 06107

Re: In the Matter of: Marcial Cuevas, Jack W. Dunlap, Steven B. Levine, Marshall C. Asche, Timothy S. Reed and Brian Marks

Dear Mr. Weinstein:

Enclosed is the executed Settlement and Release Agreement pertaining to the above-referenced matter. If you have any questions, please feel free to contact the undersigned at (860) 240-8152.

Very truly yours,

JOHN P. BURKE
BANKING COMMISSIONER

By: Nirja Savill
Principal Attorney

NS/wh

Enclosure

TEL: (860) 240-8299
FAX: (860) 240-8178
*An Equal Opportunity Employer*
website: http://www.state.ct.us/dob/




STATE OF CONNECTICUT

DEPARTMENT OF BANKING

260 CONSTITUTION PLAZA · HARTFORD, CT 06103-1800

John P. Burke

Commissioner

```
* * * * * * * * * * * * * * * * * * * * * * * * *
                                                *
IN THE MATTER OF:                               *
                                                *
STEVEN B. LEVINE                                *       SETTLEMENT AND RELEASE
                                                *       AGREEMENT
    ("Respondent")                              *
                                                *
* * * * * * * * * * * * * * * * * * * * * * * * *
```

This Settlement and Release Agreement ("Agreement") is entered into as of this 23rd day of October 2003, by and between the Banking Commissioner ("Commissioner") and Respondent.

**WHEREAS**, the Commissioner is charged with the administration of Title 36a of the Connecticut General Statutes, the "Banking Law of Connecticut";

**WHEREAS**, the Commissioner, through the Bank Examination Division ("Division") of the Department of Banking, conducted an investigation pursuant to Section 36a-17 of the Connecticut General Statutes, as amended by Public Act 02-73, into the activities of Connecticut Bank of Commerce ("CBC"), and, in connection therewith, the activities of Respondent, who served as a member of the board of directors of CBC;

**WHEREAS**, on November 22, 2002, the Commissioner, acting pursuant to Section 36a-50 of the Connecticut General Statutes, as amended by Public Acts 01-34 and 01-48, issued a Notice of Intent to Impose Civil Penalty and Notice of Right to Hearing ("Notice") against Respondent;

**WHEREAS**, the Notice alleged that Respondent, through his approval of loans as a director of CBC, engaged or participated in unsafe and unsound practices in connection with CBC and used his official position in a manner contrary to the interest of CBC and its depositors;

**WHEREAS**, Respondent denies the truth of the allegations contained in the Notice and by entering into this Agreement does not admit such allegations in this or any other civil or administrative proceeding including, but not limited to, the matter entitled *In the Matter of: Randolph W. Lenz, J. Donald Weand, Jr., Marcial Cuevas, Jack W. Dunlap, Steven B. Levine, Timothy S. Reed, Brian A. Marks, and Marshall C. Asche, individually and as former institution-affiliated parties of Connecticut Bank of Commerce Stamford, Connecticut (Insured State Nonmember Bank – In Receivership)* now pending before the Federal Deposit Insurance Corporation;

**WHEREAS**, Section 4-177(c) of the Connecticut General Statutes states, in relevant part, that "[u]nless precluded by law, a contested case may be resolved by . . . agreed settlement . . .";

**WHEREAS**, Section 36-1-32(b) of the Regulations of Connecticut State Agencies states, in relevant part, that "[u]nless precluded by law, informal disposition may be made of any contested case by . . . agreed settlement . . .";

**AND WHEREAS**, Respondent and the Commissioner deem it in their best interests to enter into this Agreement in order to resolve the above-captioned matter and obviate the need for commencement of administrative proceedings.

**NOW THEREFORE**, the Commissioner and Respondent agree as follows:

1. Respondent shall remit to the Department of Banking, by certified check made payable to "Treasurer, State of Connecticut", the sum of Fifty Thousand Dollars ($50,000) as a civil penalty, no later than the date this Agreement is executed by Respondent.

2. Respondent will not, at any time in the future, serve as officer or director of any "Connecticut bank", as defined in Section 36a-2(11) of the Connecticut General Statutes, as amended by Public Acts 03-84 and 03-196.

3. Upon execution of this Agreement and payment by Respondent of the civil penalty as described in paragraph 1 of this Agreement, and except as provided in paragraph 5 of this Agreement, the Commissioner hereby releases and discharges Respondent from any and all claims, or other relief he had or may have against Respondent that arise from or relate to CBC.

4. Effective simultaneously with the release granted in paragraph 3 above, Respondent hereby releases and discharges the Commissioner from any and all claims and other relief that arise from or relate to CBC or to the performance of Respondent's functions and duties as director of CBC.

5. Notwithstanding anything to the contrary in this Agreement, execution of this Agreement is without prejudice to the right of the Commissioner to take enforcement action against Respondent to enforce this Agreement if the Commissioner determines that Respondent is not fully complying with any term or condition stated herein.

6. Except as otherwise set forth herein, this Agreement shall be a final adjudication establishing no liability on the part of the Respondent with respect to the allegations contained in the Notice.

**IN WITNESS WHEREOF**, the parties hereto have caused this Agreement to be executed by each of them on the dates hereinafter subscribed.

Dated at Hartford, Connecticut
this _____ day of October 2003.

_____
John P. Burke
Banking Commissioner

- 3 -

I, <u>Steven B. Levine</u>, state that I have read the foregoing Settlement and Release Agreement; that I know and fully understand its contents; that I agree freely and without threat or coercion of any kind to comply with the terms and conditions stated herein; and that I voluntarily agree to enter into the Settlement and Release Agreement, expressly waiving any right to a hearing on the matters described herein.

By: _____
Steven B. Levine

State of: Ct.

County of: Fairfield

On this the 17th day of <u>October</u> 2003, before me, _____, the undersigned officer, personally appeared <u>Steven B. Levine</u>, known to me (or satisfactorily proven) to be the person whose name subscribed to the within instrument and acknowledged that he, <u>Steven B. Levine</u>, executed the same for the purposes therein contained.

In witness whereof I hereunto set my hand.

_____
Notary Public
Date Commission Expires: 10/31/2007

-4-