JUL-27-2004  14:45          FDIC KCRO LEGAL                          816 234 8089          P.02



**FDIC**
Federal Deposit Insurance Corporation
Boston Regional Office - Legal Division
15 Draintree Hill Office Park, Braintree, MA 02184

Tel. (781) 794-5500
Fax (781) 794-5600

July 14, 2004

Derrick D. Cephas, Esquire
Cadwalader, Wickersham & Taft
100 Maiden Lane
New York, NY 10038

David J. Elliott, Esquire
Terrence J. Gallagher, Esquire
Day, Berry & Howard LLP
City Place 1
Hartford, CT 06103

Glenn M. Kurtz, Esquire
White & Case LLP
1155 Avenue of the Americas
New York, NY 10036-2787

Colm A. Moran, Esquire
Kirkpatrick & Lockhart, LLP
10100 Santa Monica Blvd., 7th Fl.
Los Angeles, CA 90067

Irving H. Perlmutter, Esquire
Ullman, Perlmutter & Sklaver
47 Trumbull Street, P.O. Box 514
New Haven, CT 06510

Richard P. Weinstein, Esquire
Weinstein & Wisser, P.C.
29 South Main Street, Suite 207
West Hartford, CT 06107

Re:    Connecticut Bank of Commerce

Counsel:

Enclosed herewith is a copy of the fully executed Settlement and Release Agreement.
Thank you again for your cooperation in resolving this matter.

Please contact me if you should have any questions.

Very truly yours,

David A. Schecker
Regional Counsel

copy:   A. T. Dill, III
        Mary Fischer
        Katharine H. Haygood
        J. Michael Gillaspie
        Marguerite Sagatelian

JUL 27 2004 16:05                              816 234 8089              PAGE.02

## SETTLEMENT AND RELEASE AGREEMENT

This Settlement and Release Agreement ("Agreement") is made by, between and among the Federal Deposit Insurance Corporation ("FDIC") in its corporate capacity and in its capacity as receiver of Connecticut Bank of Commerce, and the following individuals: Marshall C. Asche ("Asche"), Marcial Cuevas ("Cuevas"), Jack W. Dunlap ("Dunlap"), Steven B. Levine ("Levine"), Brian A. Marks ("Marks"), and Timothy S. Reed ("Reed") (individually and collectively, "Outside Directors").

### Recitals

1.      Prior to June 26, 2002, Connecticut Bank of Commerce ("CBC") was a depository institution organized and existing under the laws of the State of Connecticut, with a principal place of business in Stamford, Connecticut. CBC was an insured State nonmember bank, subject to, inter alia, the Federal Deposit Insurance Act, 12 U.S.C. §§ 1811-1831y, and the Rules and Regulations of the FDIC, 12 C.F.R., Chapter III. On June 26, 2002, CBC was closed by the Commissioner, Connecticut Department of Banking. The FDIC subsequently was appointed receiver pursuant to 12 U.S.C. §1821(c). In accordance with 12 U.S.C. §1821(d), the FDIC as receiver succeeded to all rights, titles, powers and privileges of CBC, including those with respect to its assets. Among the assets to which the FDIC as receiver succeeded were any and all of CBC's claims, demands, and causes of action against its former directors, officers and employees arising from the performance, nonperformance and manner of performance of their respective functions, duties and acts as directors, officers, and/or employees of CBC.

2.      Each of the Outside Directors served on the Board of Directors of CBC and was an "institution-affiliated party" of CBC as that term is defined in 12 U.S.C. §1813(u), and for purposes of the civil money penalty provisions of 12 U.S.C. §1818(i).

3.      On November 22, 2002, the FDIC commenced civil money penalty proceedings against the Outside Directors as part of its issuance of a NOTICE OF INTENTION TO PROHIBIT FROM FURTHER PARTICIPATION; NOTICE OF CHARGES FOR ORDERS OF RESTITUTION AND OTHER APPROPRIATE RELIEF; NOTICE OF ASSESSMENT OF CIVIL MONEY PENALTIES, FINDINGS OF FACT AND CONCLUSIONS OF LAW; ORDER TO PAY; AND NOTICE OF HEARING ("Notice") in the matter captioned as follows: *In the Matter of RANDOLPH W. LENZ, J. DONALD WEAND, JR., MARCIAL CUEVAS, JACK W. DUNLAP, STEVEN B. LEVINE, TIMOTHY S. REED, BRIAN A. MARKS, AND MARSHALL C. ASCHE, individually and as former institution-affiliated parties of CONNECTICUT BANK OF COMMERCE, STAMFORD, CONNECTICUT (INSURED STATE NONMEMBER BANK)(IN RECEIVERSHIP)* ("FDIC Enforcement Proceedings"), Docket Nos. FDIC-02-177k; FDIC-02-178k; FDIC-02-179k; FDIC-02-180k; FDIC-02-181; and FDIC-02-182k.

1

4.    The FDIC's claims against the outside Directors in the FDIC Enforcement Proceedings arise from their alleged breaches of fiduciary duties and negligence in fulfilling their corporate governance duties as directors of CBC. The FDIC has not alleged and does not claim that the Outside Directors participated in or had contemporaneous knowledge of the fraud alleged by the FDIC against Randolph W. Lenz and J. Donald Weand, Jr.

5.    Each of the Outside Directors filed an Answer to the Notice and demanded a hearing in the FDIC Enforcement Proceedings, which hearing is currently scheduled to commence on December 6, 2004.

6.    The FDIC and the Outside Directors deem it in their best interests to enter into this Agreement to avoid the uncertainty, trouble and expense of further litigation.

7.    The FDIC may, in its discretion, compromise, modify or remit any civil money penalty which may be assessed or already has been assessed pursuant to 12 U.S.C. §1818(i).

8.    The Outside Directors have agreed to pay certain funds to the FDIC, all as more fully described below. The FDIC has agreed to ensure that the funds to be paid by the Outside Directors pursuant to this Agreement will be remitted to the FDIC as receiver for CBC for distribution according to the applicable statutory and regulatory priority system.

9.    In exchange for this payment and upon execution of this Agreement, the FDIC, subject to the terms and conditions set forth below, has agreed to dismiss the Notice as to the Outside Directors only, to release any holds placed by the FDIC on deposit accounts of the Outside Directors at CBC or its assuming institution, and to release the FDIC's claims against the Outside Directors, with the exceptions noted below.

## Payment to the FDIC

10.    Payment to the FDIC. For and in consideration of the release set forth in paragraph 11 hereof and the mutual covenants, representations and warranties set forth herein, the Outside Directors severally agree to pay a total of $475,000.00 (hereinafter collectively referred to as the "Settlement Funds") to the FDIC by direct wire transfer into an account designated by the FDIC. The contributions of each of the Outside Directors to the Settlement Funds are to be as follows: Asche, $74,000; Cuevas, $25,000; Dunlap, $114,000; Levine, $114,000; Marks, $74,000; and Reed, $74,000. The Outside Directors agree to execute any and all documents necessary for the transfer of the Settlement Funds to the FDIC. The Outside Directors agree to transfer the Settlement Funds to the FDIC within sixty days of the date of the FDIC's circulation of the first draft of this Agreement to the Outside Directors' respective counsel; to wit, by June 28, 2004. The Outside Directors acknowledge and agree that, at the discretion of the FDIC, this Agreement shall

2

be null and void unless all $475,000 of the Settlement Funds are paid in full to the FDIC by June 28, 2004. The FDIC will notify the outside Directors' counsel in writing by July 28, 2004 if the FDIC exercises its discretion to declare this Agreement null and void.

## Releases and Waivers

11.   Release of Outside Directors by the FDIC.  Upon execution of this Agreement and the receipt by the FDIC of all Settlement Funds called for in this Agreement, and except as provided in paragraph 13 hereof, the FDIC, in its corporate capacity and as receiver of CBC, for itself and its employees, attorneys, officers, directors, representatives, successors and assigns, hereby RELEASES and DISCHARGES the Outside Directors and their respective heirs, executors, administrators, representatives, successors and assigns, from any and all claims, debts, demands, obligations, damages, actions and causes of action, direct or indirect, in law or in equity, belonging to the FDIC, arising out of or relating to the performance, nonperformance, or manner of performance of the Outside Directors' respective functions, duties and actions as directors of CBC, including without limitation the causes of action that were or could have been alleged in the FDIC Enforcement Proceedings arising from the performance, nonperformance or manner of performance of the Outside Directors of their respective functions, duties and acts as directors of CBC, and the causes of action which could have been alleged by the FDIC against the Outside Directors in a potential civil action for damages.

12.   In connection with the settlement set forth herein, the FDIC has agreed to release any holds placed by the FDIC on deposit accounts of the Outside Directors at CBC or its assuming institution by June 21, 2004.

13.   Express Reservations from Releases by the FDIC.
      (a) Notwithstanding anything to the contrary in this Agreement, the FDIC does not release, and expressly reserves fully and to the same extent as if the Agreement had not been executed:
            (1) any claim for any kind of relief whatsoever against the Outside Directors or any other person or entity for liability, if any, incurred as the maker, endorser or guarantor of any promissory note or indebtedness payable or owed by the Outside Directors to the FDIC, CBC, other financial institutions, or any other person or entity, including without limitation any claims acquired by the FDIC as successor in interest to CBC or any person or entity other than CBC;
            (2) any claim for any kind of relief whatsoever against any person or entity not expressly released in this Agreement;
            (3) any claim for any kind of relief whatsoever arising under or pursuant to this Agreement.
      (b) Notwithstanding anything to the contrary in this Agreement, this Agreement does not purport to waive, or intend to waive, any claims which could be brought by the United States through either the Department of Justice, the United States

3

Attorney's Office for the District of Connecticut, or any other federal judicial district. In addition, the FDIC specifically does not waive its right to court ordered restitution pursuant to the relevant provisions of the Victim and Witness Protection Act, 18 U.S.C. §3663 *et seq.*, if appropriate.

14.    Waiver of Dividends and Proceeds from Litigation.    To the extent, if any, the Outside Directors are or were shareholders of CBC, and by virtue thereof are or may be entitled to a dividend, payment or distribution upon resolution of the receivership of that institution or proceeds of any litigation that has been or could be brought against the United States based on or arising out of, in whole or in part, the closing of CBC, or any alleged acts or omissions by the FDIC or the United States government in connection with CBC or its respective receivership, the Outside Directors hereby knowingly assign to the FDIC any and all rights, titles and interest therein and to any and all such dividends, payments or other distributions, or such proceeds.

15.    Waiver of Claims.    Subject to the exceptions and reservations set forth below, and upon the dismissal of the Notice as to the Outside Directors as set forth in paragraph 17 below, the Outside Directors agree not to bring or continue, but rather, hereby waive, any claim they may have, including for contribution or indemnity, against any person or entity, including other officers and directors of CBC or its other institution-affiliated parties as defined in 12 U.S.C. § 1813(u), arising out of the facts alleged in the Notice or this Agreement.

(a) Notwithstanding the foregoing, in the event that any such other person or entity files or seeks to pursue a claim for contribution or indemnity against the Outside Directors which arises from or relates to any of the allegations in the Notice or which arises from or relates to any alleged act, failure to act, conduct, transaction, event, performance, nonperformance or manner of performance of or by the Outside Directors as directors of CBC, the FDIC agrees that it will not oppose any motions to dismiss or any other effort by such Outside Directors to defeat or oppose such contribution or indemnity claim; provided that such agreement by the FDIC shall not extend to any motion to dismiss or other effort by the Outside Directors to defeat or oppose the merits of any underlying claim (for example, without limitation, a claim for breach of fiduciary duty, gross negligence, or negligence) which the FDIC may have against the person or entity who is seeking contribution or indemnity from the Outside Directors. The Outside Directors agree to give prompt written notice of such claim of contribution or indemnity to the FDIC by the earlier of 1) fifteen business days after receiving notice of the assertion of the claim or 2) one business day after moving to dismiss or otherwise respond to the claim.

(b) In the event that a court determines that a contribution or indemnity claim may be maintained against the Outside Directors by such other person or entity, the Outside Directors shall have the right to pursue any claim for contribution and indemnity against such other person or entity. The Outside

4

Directors agree that upon the request of the FDIC, they will release any contribution and indemnity claim they may have against any such other person or entity in exchange for that person's or entity's release of contribution and indemnity claims against the Outside Directors.

(c) The waiver of claims for contribution and indemnity set forth in this paragraph is not intended to and shall not apply to any claim or assertion by the Outside Directors for payment or reimbursement solely with respect to their rights as insured persons under any applicable policy of insurance.

16.   Releases of the FDIC by the Outside Directors.  Effective simultaneously with the release granted in Paragraph 11 above, the Outside Directors, on behalf of themselves individually, and their respective heirs, executors, administrators, agents, representatives, successors and assigns, hereby RELEASE and DISCHARGE the FDIC in all its capacities, including but not limited to the FDIC in its corporate capacity and as receiver of CBC, and its employees, attorneys, officers, directors, representatives, successors and assigns from any and all claims, demands, obligations, damages, actions, and causes of action, whether state or federal, direct or indirect, in law or in equity, relating directly or indirectly to CBC, the FDIC Enforcement Proceedings, or the performance, nonperformance, or manner of performance of the Outside Directors' respective functions, duties and actions as directors of CBC, including without limitation the causes of action alleged in the FDIC Enforcement Proceedings.

## Agreed Dismissal

17.   Agreed Dismissal.  Upon the execution of this Agreement and the receipt by the FDIC of all Settlement Funds called for by this Agreement, the FDIC shall dismiss with prejudice the FDIC Enforcement Proceedings as to the Outside Directors only.

## Miscellaneous

18.   No Admission of Liability.  The undersigned parties each acknowledge and agree that the matters set forth in this Agreement constitute the settlement and compromise of disputed claims; that the Outside Directors enter into this Agreement without admitting or denying such claims; and that this Agreement is not an admission or evidence of liability by any of them regarding any claim.

19.   Execution in Counterparts.  This Agreement may be executed in counterparts by one or more of the parties named herein and all such counterparts when so executed shall together constitute the final Agreement, as if one document had been signed by all parties hereto; and each counterpart, upon execution and delivery, shall be deemed a complete

5

original, binding upon the party or parties subscribed thereto upon the execution by all parties to this Agreement.

20.    Binding Effect.  Each of the undersigned persons represents and warrants that he is a party hereto or is authorized to sign this Agreement on behalf of the respective party, and that he has the full power and authority to bind such party to each and every provision of this Agreement.  This Agreement shall be binding upon and inure to the benefit of the undersigned parties and their respective heirs, executors, administrators, representatives, successors and assigns.

21.    Choice of Law.  This Agreement shall be interpreted, construed and enforced according to applicable federal law, or in its absence, the laws of the State of Connecticut.

22.    Jurisdiction and Venue.  The United States District Court for the District of Connecticut is deemed the appropriate venue for the resolution of any dispute concerning the implementation, enforcement, or construction of this Agreement, and the parties hereby agree not to contest the jurisdiction of the United States District Court for the District of Connecticut for these purposes.  Unless the District Court finds that the losing party has acted in good faith, the prevailing party in any proceeding to enforce this Agreement shall be entitled to receive its reasonable attorneys' fees and expenses.

23.    Entire Agreement and Amendments.  This Agreement constitutes the entire agreement and understanding between and among the undersigned parties concerning the matters set forth herein.  This Agreement may not be amended or modified except by another written instrument signed by the party or parties to be bound thereby, or by their respective authorized attorney(s) or other representative(s).

24.    Reasonable Cooperation.  The Outside Directors agree to cooperate with the FDIC in connection with any claim, investigation or litigation related to CBC, including but not limited to: (a) the FDIC Enforcement Proceedings as to the non-settling respondents therein, Randolph W. Lenz and J. Donald Weand, Jr.; (b) additional FDIC litigation regarding Randolph W. Lenz and others, including but not limited to the following cases pending in the United States District Court for the District of Connecticut: Federal Deposit Insurance Corporation v. Randolph W. Lenz, No. 3:03-CV-01692 (JBA) (D. Conn.), and Corsta Corporation, et al. v. Merrill Lynch, Pierce, Fenner & Smith, et al. v. Randolph W. Lenz, No. 3:03 CV-01514 (D. Conn.) (JBA); and (c) the FDIC's fidelity bond claim against Great American Insurance Company.  Such cooperation shall include, upon reasonable request by the FDIC or its attorneys, participation in interviews, production of documents, and provision of truthful testimony at deposition and trial or hearing, without the necessity for subpoena or other formal process.  The Outside Directors shall be entitled to reimbursement by the FDIC for costs and expenses in connection with such reasonable cooperation to the same extent as a witness under subpoena pursuant to 12 C.F.R. section 308.15.

6

25.    **Parties to Bear Their Own Costs.** The FDIC and the Outside Directors agree that
all parties to this Agreement shall bear their own costs and expenses, including attorneys'
fees and witness fees.

IN WITNESS WHEREOF, the FDIC and the Outside Directors have caused this
Agreement to be executed by each of them or their duly authorized representative on the
dates hereinafter subscribed.

FEDERAL DEPOSIT INSURANCE CORPORATION

BY: _David A. Sieder_____

TITLE: _Regional Counsel (Supervision)_

DATE: _June 24, 2004_____

MARSHALL C. ASCHE

BY: _____

TITLE: _____

DATE: _____

MARCIAL CUEVAS

BY: _____

TITLE: _____

DATE: _____

7

IN WITNESS WHEREOF, the FDIC and the Outside Directors have caused this Agreement to be executed by each of them or their duly authorized representative on the dates hereinafter subscribed.

## FEDERAL DEPOSIT INSURANCE CORPORATION

BY: _____ _____ _____

TITLE: ___ _____ _____

DATE: _____ _____

### MARSHALL C. ASCHE

BY: *Marshall C. Asche* ___

TITLE: *Outside Director* ___

DATE: *6-25-04* ___

### MARCIAL CUEVAS

BY: _____ _____

TITLE _____ _____ _

DATE: ____ _____ ___

7

25.    Parties to Bear Their Own Costs. The FDIC and the Outside Directors agree that all parties to this Agreement shall bear their own costs and expenses, including attorneys' fees and witness fees.

IN WITNESS WHEREOF, the FDIC and the Outside Directors have caused this Agreement to be executed by each of them or their duly authorized representative on the dates hereinafter subscribed.

## FEDERAL DEPOSIT INSURANCE CORPORATION

BY: _____  _____  _____

TITLE: _____  _____

DATE: _____  ____  _____

## MARSHALL C. ASCHE

BY: _____  _____  ____

TITLE: _____  _____

DATE: ____  _____  ____  _____

## MARCIAL CUEVAS

BY: _____  ___

TITLE: _____

DATE: JUNE 23, 2004 _____

7

JUL-27-2004 14:47        FDIC KCRO LEGAL                    816 234 8089    P.12

JACK W. DUNLAP

BY: _Jack W Dunlap_____

TITLE: _____    _____

DATE: _25 Jun '04_____


STEVEN B. LEVINE

BY: ___ _____    _____

TITLE: _____    _____

DATE: _____    _____


BRIAN A. MARKS

BY: _____

TITLE: _____.

DATE: _____    _____


TIMOTHY S. REED

BY: _____    _____

TITLE:       _____

DATE:       _____

8

JUL 27 2004 16:07                          816 234 8089        PAGE.12

JACK W. DUNLAP

BY: __ _____ _____

TITLE: _____ _____

DATE: _____ _____ __

STEVEN B. LEVINE

BY: ___ _____ _____

TITLE: _____ _____

DATE: ___ *June 9, 2001* _____

BRIAN A. MARKS

BY: _____ _____

TITLE: _____ _____

DATE: _____ _____

TIMOTHY S. REED

BY: _____ _____

TITLE: __ _____ __

DATE: _____ __

8

JACK W. DUNLAP

BY: _____  _____  ____

TITLE: _____  _____  _____

DATE: _____  _____  _____

STEVEN B. LEVINE

BY: _____  _____  __

TITLE: _____  _____  _____

DATE: _____  _____  _____

BRIAN A. MARKS

BY: _____  _

TITLE: _____  _____  _____

DATE: 23 JUNE 2004 _____

TIMOTHY S. REED

BY: _____  _____

TITLE: _____  _____  _

DATE: _____  _____

8

JACK W. DUNLAP

BY: _____

TITLE: _____

DATE: _____


STEVEN B. LEVINE

BY: _____

TITLE _____

DATE. _____


BRIAN A. MARKS

BY: _____

TITLE. _____

DATE: _____


TIMOTHY S. REED

BY: _____

TITLE. _____

DATE: ____6/19/04_____

8

**FDIC**

Federal Deposit Insurance Corporation
2345 Grand Blvd. Suite 1200 Kansas City MO 64108-2638                                    Legal Division

July 8, 2004

Derrick D. Cephas, Esq.
Cadwalader, Wickersham & Taft

David J. Elliott, Esq.
Day, Berry & Howard LLP

Glen M. Kurtz, Esq.
White & Case LLP

Irving H. Perlmutter, Esq.
Ullman, Perlmutter & Sklaver

Ronald W. Stevens, Esq.
Jennifer L. Wayne, Esq.
Kirkpatrick & Lockhart LLP

Richard P. Weinstein, Esq.
Weinstein & Wisser, PC

Re:    Dismissal as to Outside Directors

Gentlemen:

Enclosed are copies of the FDIC's NOTICE OF ORDER OF THE FEDERAL DEPOSIT INSURANCE CORPORATION DISMISSING WITH PREJUDICE THE NOTICE OF CHARGES AGAINST MARSHALL C. ASCHE, MARCIAL CUEVAS, JACK W. DUNLAP, STEVEN B. LEVINE, BRIAN A. MARKS AND TIMOTHY S. REED, with a copy of the dismissal order attached.

David Schecker asked me to advise you that he will distribute copies of the fully executed Settlement and Release Agreement to you upon his return to the office on July 8, 2004.

Yours very truly,

J. Michael Gillespie
Counsel (Sr. Litigator)

Enclosure

JUL-27-2004  14:48      FDIC KCRO LEGAL                      816 234 8089      P.17

# FEDERAL DEPOSIT INSURANCE CORPORATION

## WASHINGTON, D.C.

| | |
|---|---|
| In the Matter of<br><br>RANDOLPH W. LENZ, J. DONALD<br>WEAND, JR., MARCIAL CUEVAS, JACK<br>W. DUNLAP, STEVEN B. LEVINE,<br>TIMOTHY S. REED, BRIAN A. MARKS,<br>and MARSHALL C. ASCHE,<br>individually and as former<br>institution-affiliated parties of<br><br>CONNECTICUT BANK OF COMMERCE<br>STAMFORD, CONNECTICUT<br><br>(INSURED STATE NONMEMBER<br>BANK - IN RECEIVERSHIP) | FDIC-02-174e<br>FDIC-02-158e<br>FDIC-02-160e&b<br>FDIC-02-161e&b<br>FDIC-02-175k<br>FDIC-02-176k<br>FDIC-02-177k<br>FDIC-02-178k<br>FDIC-02-179k<br>FDIC-02-180k<br>FDIC-02-181k<br>FDIC-02-182k |

## NOTICE OF ORDER OF THE FEDERAL DEPOSIT INSURANCE CORPORATION DISMISSING WITH PREJUDICE THE NOTICE OF CHARGES AGAINST MARSHALL C. ASCHE, MARCIAL CUEVAS, JACK W. DUNLAP, STEVEN B. LEVINE, BRIAN A. MARKS AND TIMOTHY S. REED

Please take notice that on July 6, 2004, the Deputy Director of the Division of

Supervision and Consumer Protection of the Federal Deposit Insurance Corporation ("FDIC"),

acting under delegated authority and pursuant to a Settlement and Release Agreement

("Agreement") among the FDIC and Marshall C. Asche, Marcial Cuevas, Jack W. Dunlap,

Steven B. Levine, Brian A. Marks, and Timothy S. Reed, former directors of Connecticut Bank

of Commerce, Stamford, Connecticut ("CBC"), in receivership (collectively, "Outside

Directors"), dismissed with prejudice as to the Outside Directors the Notice of Intention to

Prohibit From Further Participation; Notice of Charges for Orders of Restitution and Other

Appropriate Relief; Notice of Assessment of Civil Money Penalties, Findings of Fact and

Conclusions of Law; Order to Pay; and Notice of Hearing ("Notice of Charges") issued in this

matter. A copy of the Order is attached as Attachment A.

Respectfully submitted,

J./Michael Gillaspie
Federal Deposit Insurance Corporation
2345 Grand Blvd., Suite 1200
Kansas City, MO 64108
(816) 234-8044

Phillip Telford
Federal Deposit Insurance Corporation
1810 Pacific Avenue, PAC-18046
Dallas, TX 75201-4586
(972) 761-2622

Gregory E. Gore
Federal Deposit Insurance Corporation
550 17th St., N.W., MB-3117
Washington, D.C. 20429-0002
(202) 898-3839

2

FEDERAL DEPOSIT INSURANCE CORPORATION

WASHINGTON, D.C.

| | |
|---|---|
| In the Matter of  )<br><br>RANDOLPH W. LENZ, J. DONALD  )<br>WEAND, JR., MARCIAL CUEVAS, JACK  )<br>W. DUNLAP, STEVEN B. LEVINE,  )<br>TIMOTHY S. REED, BRIAN A. MARKS,  )<br>and MARSHALL C. ASCHE,  )<br>individually and as former  )<br>institution-affiliated parties of  )<br><br>CONNECTICUT BANK OF COMMERCE  )<br>STAMFORD, CONNECTICUT  )<br><br>(INSURED STATE NONMEMBER  )<br>BANK - IN RECEIVERSHIP)  )<br> ) | FDIC-02-174e<br>FDIC-02-158e<br>FDIC-02-160c&b<br>FDIC-02-161c&b<br>FDIC-02-175k<br>FDIC-02-176k<br>FDIC-02-177k<br>FDIC-02-178k<br>FDIC-02-179k<br>FDIC-02-180k<br>FDIC-02-181k<br>FDIC-02-182k |

ORDER OF THE FEDERAL DEPOSIT INSURANCE CORPORATION
DISMISSING WITH PREJUDICE MARSHALL C. ASCHE, MARCIAL
CUEVAS, JACK W. DUNLAP, STEVEN B. LEVINE, BRIAN A. MARKS, AND
TIMOTHY S. REED FROM THE NOTICE

On November 22, 2002, the Federal Deposit Insurance Corporation ("FDIC")

commenced civil money penalty proceedings against certain former outside directors,

Marshall C. Asche, Marcial Cuevas, Jack W. Dunlap, Steven B. Levine, Brian A. Marks,

and Timothy S. Reed (collectively, "Outside Directors") of Connecticut Bank of

Commerce, Stamford, Connecticut ("CBC"), in receivership, through issuance of the

Notice of Intention to Prohibit From Further Participation; Notice of Charges for Orders

of Restitution and Other Appropriate Relief; Notice of Assessment of Civil Money

Penalties, Findings of Fact and Conclusions of Law; Order to Pay; and Notice of Hearing

("Notice") in this matter.

Attachment A

JUL-27-2004  14:48        FDIC KCRO LEGAL                                  816 234 8089        P.20

The Outside Directors and the FDIC entered into a Settlement and Release Agreement ("Agreement"), as of June 28, 2004, in which the Outside Directors agreed to pay certain funds to the FDIC in settlement of the FDIC Enforcement Proceedings brought against them through the Notice.

The Outside Directors have paid the funds in accordance with the Agreement.

It is, therefore, ordered that the Notice as to only the Outsider Directors, Marshall C. Asche (Docket No. FDIC -02-182k), Marcial Cuevas (Docket No. FDIC-02-177k), Jack W. Dunlap (Docket No. FDIC-02-178k), Steven B. Levine (Docket No. FDIC-02-179k), Brian A. Marks (Docket No. FDIC-02-181k), and Timothy S. Reed (Docket No. FDIC-02-180k) is dismissed with prejudice.

Pursuant to delegated authority.

Dated this __6 TH__ day of __JULY__, 2004.

John M. Lane
Deputy Director
Division of Supervision and Consumer
Protection

2

## CERTIFICATE OF SERVICE

I hereby certify that I served the attached NOTICE OF ORDER OF THE FEDERAL DEPOSIT INSURANCE CORPORATION DISMISSING WITH PREJUDICE THE NOTICE OF CHARGES AGAINST MARSHALL C. ASCHE, MARCIAL CUEVAS, JACK W. DUNLAP, STEVEN B. LEVINE, BRIAN A. MARKS AND TIMOTHY S. REED on the 8th day of July, 2004, by first class mail, postage prepaid, as follows:

Ann Z. Cook
Administrative Law Judge
Office of Financial Institution Adjudication
1700 G. Street, N.W.
Washington, D.C. 20552
(original and one copy by first class mail, postage prepaid; copy by facsimile)

Robert E. Feldman
Office of the Executive Secretary
Federal Deposit Insurance Corporation
550 17th Street, N.W., Room (MB-3094)
Washington, D.C. 20429

A. T. Dill, III
Senior Counsel
Federal Deposit Insurance Corporation
Compliance and Enforcement Section
550 17th Street, N.W., Room (MB-3124)
Washington, D.C. 20429

Gregory E. Gore
Counsel
Federal Deposit Insurance Corporation
550 17th Street, N.W. Room (MB-3117)
Washington, D.C. 20429

Phillip Telford
Federal Deposit Insurance Corporation
1810 Pacific Avenue, PAC-18046
Dallas, Texas 75201-4586

Derrick D. Cephas, Esquire
Cadwalader, Wickersham & Taft
100 Maiden Lane
New York, NY 10038

3

David J. Elliott, Esquire
Day, Berry & Howard LLP
CityPlace 1
Hartford, CT  06103

Glen M. Kurtz, Esquire
White & Case LLP
1155 Avenue of the Americas
New York, NY 10036-2787

Anthony J. D'Auria, Esquire
Winston & Strawn LLP
200 Park Avenue
New York, NY  10166-4193

Thomas M. Buchanan, Esquire
Eric W. Bloom, Esquire
Winston & Strawn LLP
1400 L Street, N.W.
Washington, DC 20005-3502

Irving H. Perlmutter, Esquire
Ulman, Perlmutter & Sklaver
47 Trumbull Street
P.O. Box 514
New Haven, CT 06510

Ronald W. Stevens, Esquire
Jennifer L. Wayne, Esquire
Kirkpatrick & Lockhart LLP
10100 Santa Monica Boulevard, 7th Floor
Los Angeles, CA  90067

Frank J. Silvestri, Jr., Esquire
Levett Rockwood P.C.
33 Riverside Avenue
P.O. Box 5116
Westport, CT  06881

Richard P. Weinstein, Esquire
Weinstein & Wisser, PC
29 South Main Street, Suite 207
West Hartford, CT  06107

Denise Monroe
Paralegal Specialist
Federal Deposit Insurance Corporation
15 Braintree Hill Office Park   Room 215
Braintree, Massachusetts 02184-8701

Jesusa B. Gallegos
Legal Technician

5