UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

-----------------------------------------------------------------X
MARSHALL ASCHE, STEVEN B. LEVINE,
TIMOTHY S. REED, MARCIAL CUEVAS and
JACK WILLIAM DUNLAP,

                Plaintiffs.

-against-                                Dkt. No. 3:03cv416 (PCD)

HARTFORD INSURANCE COMPANY
OF ILLINOIS,

                Defendant.
-----------------------------------------------------------------X

## PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

PLEASE TAKE NOTICE that, pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure ("FRCP"), Plaintiffs request that Defendant Hartford Insurance Company of Illinois produce and permit Plaintiffs to inspect and copy all documents hereinafter identified at Weinstein & Wisser, P.C., 29 South Main Street, Suite 207, West Hartford, Connecticut 06107, within 30 days of service hereof.

### DEFINTIONS

1. The term "Plaintiffs" or "Outside Directors" mean the plaintiffs listed in the above captioned action.

2. "CBC" means Connecticut Bank of Commerce.

3. The "Policy" means Directors, Officers and Company liability insurance policy no. NDA 0200230-01.

4. "CDOB" means the Connecticut Department of Banking ("CDOB").

5. "FDIC" means Federal Deposit Insurance Corporation.

6. The "Megaler Action" means the action filed in the United States District Court for the Southern District of New York entitled *Megaler, S.A. v. Lentz, et al.*, 02 Civ. 7925.

7. The "Bazinet Action" means the third party complaint filed against one or more of the Outside Directors in an action in the Supreme Court of the State of New York, County of New York entitled *Bazinet v. Kluge*, Index Nos. 110143/01 and 590089/04.

8. The terms "you," "yours" or "Hartford" means Defendant Hartford Insurance Company of Illinois, its officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates.

9. The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

10. The term "document" shall include, but not be limited to, handwritten, typewritten, printed, transcribed, impressed, photographed, photocopied, reported, recorded or graphic matter, or any other physical or tangible embodiment of communication, thought or expression, however produced or reproduced, including, without limitation, letters or other correspondence, e-mails, books, writings, drawings, recordings, articles, telexes, cable messages, instructions, memoranda, reports, minutes of meetings, conferences or the like, transcripts, agreements, notes, notices, charts, pictures,

ledgers, journals, manuals, circulars, calendars and calendar entries, diary entries, appointment books, analyses, work papers, statistical and financial records, accounts, statements of account, canceled checks and stubs, tape recordings, computer transmissions including but not limited to electronic mail, computer discs, computer printouts, any of which are now, or at any time were, in your possession, custody or control. A draft or non-identical copy is a separate Document within the meaning of this term.

11. The term "person" is defined as any natural person or any business, legal or governmental entity or association.

12. The term "concerning" means relating to, referring to, describing, evidencing or constituting.

## INSTRUCTIONS

1. The terms "all" and "each" shall be construed as all and each.

2. The connectives "and" and "or" shall be construed as either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside the scope.

3. The use of the singular for of any work includes the plural and vice versa.

4. If you assert that a document request is objectionable, state your objection clearly and specifically identify which parts of the document request are objectionable and why.

5. If you assert part of a document request is objectionable, respond to those remaining parts of the document request to which it does not object.

6. If a claim of privilege is asserted concerning any document for which an identification is requested, identify as to each: (1) its date; (2) its author(s), (3) the business title(s) or position(s) of its author(s); (4) its recipient(s); (5) the business title(s) or position(s) of its recipient(s); (6) the number of pages; (7) its subject matter; and, (8) the basis of the privilege asserted.

7. If you at anytime had possession or control of a document responsive to these requests, and if such document has been lost, destroyed, purged or is not presently in your possession or control, then: (a) identify the document; (b) state the date of its loss, destruction, purge, or separation from your possession or control; (c) state the circumstances surrounding its loss, destruction, purge or separation from your possession or control; and (d) state its present or last known location, including the name, address and telephone number of each person believed to have possession of such document.

## **DOCUMENT REQUESTS**

1. All documents concerning any insurance policy, including each policy and all endorsements thereto, which you issued to CBC.

2. All documents concerning any insurance binder, including each binder, which you issued to CBC.

3. All documents concerning any policies that you issued to CBC which were lost or destroyed.

4. All documents concerning CBC's or the Outside Directors notice(s) of claims or potential claims for the damage and losses that are the subject of the instant litigation, whether directly or through brokers.

5. All documents used or created by you in the course of handling, processing, reviewing, investigating, evaluating, and/or disposing of the Outside Directors' claim(s) for the losses or damages that are the subject of the instant litigation.

6. All documents concerning CBC, any of the Outside Directors, or any employee of CBC, from the files of each person at Hartford who has participated in, or reviewed, the Outside Directors claim(s) for coverage for the losses or damages that are the subject of the instant litigation.

7. All documents used or created at any time by each expert with whom you have consulted with respect to the claims or defenses at issue in this litigation.

8. All documents concerning the Megaler Action.

9. All documents concerning the Bazinet Action.

10. All documents concerning the FDIC's appointment as Receiver of CBC.

11. All documents created or used by you in assessing the risks of issuing or renewing a Directors, Officers and Company liability insurance policy to CBC, including, but not limited to, the Policy.

12. All documents concerning any written or oral statements from any witness or potential witness taken by you or on your behalf with reference to the instant action or CBC being placed into receivership by FDIC and CDOB.

13. All documents that you presently anticipate potentially using at the trial of this action.

14. All documents concerning communications between you and CBC's Chairman Randolph Lenz after January 1, 2002.

15. All documents concerning communications between you and CBC's President and CEO J. Donald Weand, Jr. after January 1, 2002.

16. All documents concerning a legal proceeding in the Superior Court of Connecticut entitled *John P. Burke, Commissioner of Banking v. Connecticut Bank of Commerce*.

17. All documents received by you from any person in the course of handling, processing, reviewing, investigating, evaluating, and/or disposing of the Outside Directors' claim(s) for the losses or damages that are the subject of the instant litigation.

18. All documents concerning your potential liability under the Policy.

19. All documents concerning any communication regarding the FDIC's appointment as Receiver of CBC or the claims of any person under the Policy, including, but not limited to the claims that are the subject of the instant action.

20. All documents concerning your disclaimer for the claims that are the subject of the instant action, including, but not limited to, communications with other insurance companies.

Dated: October 1, 2004

STEWART OCCHIPINTI, LLP

By: _____
Charles A. Stewart, III
1350 Broadway, Suite 2200
New York, New York 10018
(212) 239-5500

Attorneys for Plaintiffs

**CO-COUNSEL**

WEINSTEIN & WISSER, P.C.
Richard P. Weinstein (CT 06215)
29 South Main Street, Suite 207
West Hartford, CT 06107
(860) 561-2628

**TO:** Alan J. Joaquin, Esq.
Drinker Biddle & Reath, LLP
1500 K Street N.W.
Suite 1100
Washington, D.C. 20005-1208

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

-----------------------------------------------------------X
MARSHALL ASCHE, STEVEN B. LEVINE,
TIMOTHY S. REED, MARCIAL CUEVAS and
JACK WILLIAM DUNLAP,

                      Plaintiffs.

  -against-                                Dkt. No. 3:03cv416 (PCD)

HARTFORD INSURANCE COMPANY
OF ILLINOIS,                               **NOTICE OF DEPOSITION**

                      Defendant.

-----------------------------------------------------------X

      PLEASE TAKE NOTICE that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Plaintiffs, by their attorneys, Stewart Occhipinti, LLP, will take the deposition upon oral examination before an officer authorized to administer oaths, of Defendant Hartford Insurance Company of Illinois ("Hartford"), on October 31, 2004, at 10:00 a.m., and continuing thereafter from day to day until completed, at the offices of Weinstein & Wisser, P.C., 29 South Main Street, Suite 207, West Hartford, Connecticut 06107. The method by which the deponent's testimony shall be recorded will be by stenographic transcription.

      Hartford shall designate one or more of its officers, directors, employees, agents or other persons to testify on its behalf as to the matters known or reasonably available to it concerning:

1. The factual basis for Hartford's denial of coverage regarding Plaintiffs' claims in this action.

2. The factual basis for each affirmative defenses asserted by Hartford in this action.

3. Hartford's handling, processing, review, investigation, evaluation, and/or disposition of claims for coverage under Directors, Officers and Company liability insurance policy no. NDA 0200230-01by any employee of Connecticut Bank of Commerce ("CBC").

4. Notice provided to Hartford concerning the Federal Deposit Insurance Corporation's appointment as Receiver of CBC.

Dated: October 1, 2004

                                STEWART OCCHIPINTI, LLP

                                By: _____
                                Charles A. Stewart, III
                                1350 Broadway, Suite 2200
                                New York, New York  10018
                                (212) 239-5500

                                Attorneys for Plaintiffs

**CO-COUNSEL**

WEINSTEIN & WISSER, P.C.
Richard P. Weinstein (CT 06215)
29 South Main Street, Suite 207
West Hartford, CT 06107
(860) 561-2628


**TO:**    Alan J. Joaquin, Esq.
         Drinker Biddle & Reath, LLP
         1500 K Street N.W.
         Suite 1100
         Washington, D.C. 20005-1208

# WACHOVIA INSURANCE SERVICES, INC.
65 Willowbrook Blvd.
Wayne, NJ 07470
973-890-1818

## Fax Cover Sheet
Fax Date: 1/6/2005 11:43 AM

| Fax To: | Mr. Charles Stewart |
| --- | --- |
| Fax: | 212-239-7030 |

| Fax From: | Sandra Rucereto |
| --- | --- |
|  | P&C Marketing |
| Direct Line: | 973 837-2498 |
| Return Fax: | 973-890-1236 |
| E-mail: | Sandra.Rucereto@wachovia.com |

| Re: | Connecticut Bank of Commerce |
| --- | --- |

Number of pages (including cover sheet): 6

Mr. Stewart,

As per our telephone conversation, attached find the documents pertaining to the delivery of the Cease & Desist Order to my counterpart in our New York office, Jamie Cutler. He was the actual broker who had contact with the Hartford and discussed renewal. Also attached is a copy of an email that was sent to Darren Schulman regarding a combined conference call that needed to take place in order to underwrite the renewal. The Hartford underwriters requested is attached to that email as well.

I hope this information is helpful.

Regards,
Sandy

Notice: The information contained in the facsimile is confidential and is intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or copy of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone and return the original to us at the above address via U.S. Postal Service.

<div style="text-align: right;">
First Union Insurance Services Agency, Inc.<br>
65 Willowbrook Blvd.<br>
Wayne, NJ 07470<br>
Phone: (973) 890-1818<br>
**Direct Dial: (973) 837-2498**<br>
**Fax: (973) 890-7841**
</div>

# First Union Insurance Services Agency, Inc. FAX

| | |
|---|---|
| **To:** | **Jamie Cutler** |
| **Company:** | Management Liability Group NYC |
| **Fax No:** | 212-909-0930 |
| **From:** | Sandy Rucereto |
| **RE Customer:** | Connecticut Bank of Commerce |
| **Policy No.:** | Directors and Officers Renewal |
| **Pages:** | 42 including cover |
| **Date:** | 6/17/2002 |

Jamie,

As requested, attached find the Cease & Desist Order. I have left a message for the insured to try to coordinate a date and time for a conference call with the Hartford underwriter to discuss items of concern. Will advise when I hear back from them.

Sandy



First Union Insurance Services Agency, Inc.
65 Willowbrook Blvd.
Wayne, NJ 07470
Phone: (973) 890-1818
**Direct Dial: (973) 837-2498**
**Fax: (973) 890-7841**

# First Union Insurance Services Agency, Inc.
# FAX

| | |
|---|---|
| **To:** | **Jamie Cutler** |
| **Company:** | Management Liability Group NYC |
| **Fax No:** | 212 909-0930 |
| **From:** | Sandy Rucereto |
| **RE Customer:** | Connecticut Bank of Commerce |
| **Policy No.:** | Directors and Officers Renewal |
| **Pages:** | 42 including cover |
| **Date:** | 6/17/2002 |

Jamie,

As requested, attached find the Cease & Desist Order. I have left a message for the insured to try to coordinate a date and time for a conference call with the Hartford underwriter to discuss items of concern. Will advise when I hear back from them.

Sandy

REASON FOR ERROR
E-1) HANG UP OR LINE FAIL E-2) BUSY
E-3) NO ANSWER E-4) NO FACSIMILE CONNECTION

* * * COMMUNICATION RESULT REPORT ( JUN. 17. 2002 1:00PM ) * * *

FAX HEADER: FIRST UNION INS

TRANSMITTED/STORED : JUN. 17. 2002 12:44PM

| FILE MODE | OPTION | ADDRESS | RESULT | PAGE |
|---|---|---|---|---|
| 700 MEMORY TX | | 12129090930 | OK | 43/43 |

Sandra Rucereto
06/20/2002 04:14 PM

To:    Darren@CBCB.com
cc:    Miriam@CBCB.com

Subject: Conn Bank of Commerce

Darren,

Attached find the email from our Professional Underwriter from Hartford regarding the informatioin that they need to discuss with someone at length. We must have this discussed early tomorrow in order to receive a renewal quote for Wed when Richard will visit with you. If you should have any questions in the meantime, please call me at 973-837-2498. Thanks.

---------------------- Forwarded by Sandra Rucereto/CMG/WACH on 06/20/2002 04:09 PM ----------------------



John DeRose/WMG/WACH@WACHOVIA on 06/20/2002 03:57:01 PM

To:    Sandra Rucereto/CMG/WACH@WACHOVIA
cc:

Subject: Conn Bank of Commerce

---------- ------------ Forwarded by John DeRose/WMG/WACH on 06/20/2002 03:56 PM -------------------------

"Iorio, Thomas (HFP, UW)" <Thomas.Iorio@thehartford.com> on 06/20/2002 03:19:43 PM

To:    John DeRose/WMG/WACH@WACHOVIA
cc:

Subject:  Conn Bank of Commerce

Hi John,
The general conversation will be based on a overall review of 2001 -
financial performance/ loan portfolio/ securities portfolio
the Cease and Desist order
first quarter and YTD financials for 2002, current loan portfolio status
current complaince w/ C+D order and corrective actions to meet obligations
of the C+D order

basically, I need the full story from the bank on what happenned and why,
and then what they are doing to correct it and what has happenned so far
this year to show a positive direction.

Thanks for your help.
Thomas Iorio
Asst Vice President
Hartford Financial Products
ph# 212 277-0473 fax# 917-464-7127
2 Park Avenue
New York, N.Y. 10016

This communication, including attachments, is for the exclusive use of addressee and may contain proprietary, confidential or privileged information. If you are not the intended recipient, any use, copying, disclosure, dissemination or distribution is strictly prohibited. If you are not the intended recipient, please notify the sender immediately by return email and delete this communication and destroy all copies.

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

-----------------------------------------------------------X
MARSHALL ASCHE, STEVEN B. LEVINE,
TIMOTHY S. REED, MARCIAL CUEVAS and
JACK WILLIAM DUNLAP,

                            Plaintiffs.

    -against-                                     Dkt. No. 3:03cv416 (PCD)

HARTFORD INSURANCE COMPANY
OF ILLINOIS,                                     **CERTIFICATE OF SERVICE**

                          Defendant.

-----------------------------------------------------------X

      Charles A. Stewart, III, an attorney admitted to practice in the United States District Court for the Southern District of New York and admitted pro hac in the United States District Court for the District of Connecticut in the above action, certifies, pursuant to 28 U.S.C. § 1746, under penalty of perjury, that on January 10, 2005, in addition to service by email, I served the attached ***Plaintiffs' Cross-Motion to Compel and for a Continuance*** upon all counsel of record in this action by depositing true copies of the same, each enclosed in a pre-paid envelope, in a depository maintained by the Federal Express, addressed to the following at the address provided by each for that purpose, to wit:

                        Alan J. Joaquin, Esq.
                        Drinker Biddle & Reath, LLP
                        1500 K Street N.W.
                        Suite 1100
                        Washington, D.C. 20005-1208

                        W. Joe Wilson
                        Tyler Cooper & Alcorn, LLP
                        185 Asylum Street
                        Hartford, CT 06103-3488

Dated: January 10, 2005

                                                       _____
                                                       Charles A. Stewart, III