UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

|  |  |
|---|---|
| MARSHALL ASCHE, STEVEN B. LEVINE, TIMOTHY S. REED, MARCIAL CUEVAS and JACK WILLIAM DUNLAP, <br><br> Plaintiffs, <br><br> v. <br><br> HARTFORD INSURANCE COMPANY OF ILLINOIS, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) Case No. 303CV0416 PCD ) ) ) ) ) ) |

### DEFENDANT'S OPPOSITION TO PLAINTIFFS' CROSS-MOTION TO COMPEL AND FOR A CONTINUANCE PURSUANT TO RULES 37(a) AND 56(f)

Defendant, Hartford Insurance Company of Illinois ("Hartford"), by and through its counsel, hereby submits its Opposition to Plaintiffs' Cross-Motion to Compel Discovery, on the ground that Hartford has already agreed to produce the documents Plaintiffs seek to review.[1] Hartford also opposes Plaintiffs' Cross-Motion for a Continuance, on the ground that the construction of the policy provisions at issue is a matter of law ripe for adjudication without further factual inquiry.[2]

Plaintiffs, former directors of Connecticut Bank of Commerce ("CBC"), filed their Complaint seeking a declaration of insurance coverage under Hartford's claims-made Policy for

---

[1] Hartford has produced all relevant non-privileged documents from its active files and is now reviewing its files in storage to determine if any additional documents need to be produced.

[2] In this Opposition, capitalized terms that are not otherwise defined are used as defined in the Policy.

lawsuits brought after the Policy Period expired. Those lawsuits include the "Megaler Action," which was filed by an aggrieved former customer of CBC, the "FDIC Action," which was filed by the Federal Deposit Insurance Corporation, the "CDOB Action," which was filed by the Connecticut Department of Banking. Plaintiffs also seek an adjudication that "future claims" will be covered, including a "Threatened Shareholder Action." The Megaler, FDIC and CDOB Actions were brought after the Policy Period expired, the Threatened Shareholder Action has not been brought, and the unspecified "future claims" are still in the future. The coverage dispute arose because Plaintiffs failed to provide Hartford with notice of specific Wrongful Acts with sufficient particularity to preserve coverage for any of these actions. Moreover, the FDIC and CDOB Actions are entirely excluded from coverage by the Policy's exclusion for claims brought by regulatory agencies.

In their Cross- Motion to Compel and For a Continuance, Plaintiffs ask for an order compelling production of previously-served document requests. Hartford respectfully submits that this part of Plaintiffs' motion is moot, as Hartford has already agreed to produce to Plaintiffs all responsive non-privileged documents on January 15, 2004.

Plaintiffs also ask for a continuance of Hartford's Motion for Summary Judgment. According to Plaintiffs, the documents Hartford produced may reveal that "statements made in Hartford's papers are erroneous." Plaintiffs assert that Hartford's underwriters <u>may have</u> received a copy of the November 30, 2001 Cease and Desist Order in connection with assessing whether the Policy should be renewed.[3] Even if true, which Hartford does not concede,

---

[3] Plaintiffs' Opposition states flatly that "Hartford had received a copy of the November 30, 2001 Cease and Desist Order from First Union Insurance Services Agency on or about June 17, 2002." However, the documents submitted in support of that statement indicate only that Hartford Underwriters requested "the full story" from the bank and they do not reflect

(continued...)

Hartford respectfully submits that the "erroneous" statement would not be material to the issue at bar. The undisputed facts are these: the Policy expressly requires that notice of Claims and potential claims must be given to Hartford's "**D&O Claims**" department. Any materials that may have been sent to Hartford's underwriters do not satisfy the Policy's notice requirements. Plaintiffs have not contended, nor have they provided any basis to believe, that any of the documents attached as exhibits to their Opposition or to their Complaint, with a single exception, were provided to **D&O Claims** within the Policy Period as required by the Policy.

As explained more fully in Hartford's Motion for Summary Judgment and its Reply to Plaintiffs' Opposition to Defendant's Motion for Summary Judgment, submitted contemporaneously with this Opposition, the resolution of the coverage dispute rests solely on the Court's examination of the Policy, the notice materials submitted to Hartford in accordance with the Policy and the lawsuits for which Plaintiffs seek coverage. The record in this case contains all of the facts required for the Court to grant the Motion for Summary Judgment. Plaintiffs have submitted copies of the various lawsuits for which they seek coverage; Hartford has submitted the Policy and all of the materials the Insureds gave to Hartford as notice of specific Wrongful Acts. The facts in the record are not disputed and, for the reasons that follow, the record is complete.

The notice materials consist of a letter from an authorized agent of the Insureds, dated June 26, 2002, enclosing one document: the Federal Deposit Insurance Corporation ("FDIC") Prompt Corrective Action Directive Ordering Dismissal (the "Dismissal Order"). Plaintiffs' Complaint alleges that the notice complies with Section VIII of the Policy, which provides:

---

(..continued)
Underwriters' receipt of any materials. In any event, materials submitted to the Underwriters do
(continued...)

> (A) If during the **Policy Period** the **Insureds** become aware of a specific **Wrongful Act** that may reasonably be expected to give rise to a **Claim** against any **Director** or **Officer** . . . and if such **Wrongful Act** is reported to the Insurer <u>during the **Policy Period**</u> [emphasis added] in writing with particulars as to the reasons for anticipating such a **Claim**, the nature and dates of the alleged **Wrongful Act**, the alleged damages sustained, the names of potential claimants, any **Director** or **Officer** involved in the alleged **Wrongful Act** and the manner in which the Insureds first became aware of the specific **Wrongful Act**, then any **Claim** subsequently arising from such duly reported **Wrongful Act** shall be deemed under this Policy to be a **Claim** made during the **Policy Period** in which the **Wrongful Act** is first duly reported to the insurer.
>
> (B) Notice of any **Claim** or specific **Wrongful Act** shall be given in writing to **The Hartford, Hartford Plaza, Hartford, CT. 06115 Attention: D&O Claims.** All other notices under this Policy shall be given to the same addressee but to the attention of Financial Products Underwriters.

Plaintiffs contend that they need to review Hartford's document production in order to determine what "notices and information" may have been provided to Hartford up to sixty days after the Policy Period expired at 12:01 a.m. on July 1, 2002. This assertion fails on two points: first, Section VIII(A) requires notice to be given <u>within the Policy Period</u>: there is no sixty-day grace period with regard to notice of specific Wrongful Acts. The grace period applies only to Claims. The only document Plaintiffs allege to be a Claim is the FDIC Dismissal Order, and Hartford does not dispute that it received the Dismissal Order within the Policy Period. All "notices and information" the Insureds submitted to Hartford after 12:01 a.m. on July 1, 2002 are outside the ambit of Section VIII of the Policy. Accordingly, although some of those documents are already in the record, they do not contain facts that are material to the Motion for Summary Judgment.

---

(..continued)
not satisfy the notice provisions of the Policy for Claims or potential claims.

Second, Section VIII(B) of the Policy requires the Insureds to give notice of Claims or specific Wrongful Acts to The Hartford, **Attention D&O Claims**. Notice provisions in claims-made policies are strictly construed because they define the scope of coverage; proper notice becomes a condition precedent to coverage. *Home Ins. Co. v. Adco Oil Co.*, 154 F.3d 739, 742 (7th Cir. 1998). Even if CBC had provided Hartford's Underwriters with the Cease-and-Desist Order, it is not material to this coverage dispute, because the issue here is compliance with contractual conditions that determine the extent of coverage. It is well settled that materials provided to an insurer for underwriting purposes do not satisfy a policy's specific notice provisions regarding Claims or potential claims. *See, e.g., LaForge v. American Casualty Co.*, 37 F3d 580 (10th Cir. 1994), in which the Court surveys case law from many jurisdictions and holds that "there is a difference between investigating circumstances to determine whether to extend coverage in the future and investigating possible liabilities under a present policy." Two of the cases upon which the Court relied involved banks that provided information to their insurance underwriters about cease and desist orders: FDIC v. Mijalis, 15 F.3d 1314, 1330, 1334-1337 (5th Cir. 1994) and American Casualty Co. of Reading, Pa. v. FDIC, 944 F.2d 455, 460 (8th Cir. 1991). See also McCullough v. Fidelity & Deposit Co., 2 F.3d 110 (5th Cir 1993), American Casualty Co. v. FDIC, 944 F.2d 455 (8th Cir 1991), FDIC v. St. Paul Fire and Marine Ins. Co., 993 F.2d 155 (8th Cir 1993) and California Union Ins. Co. v. American Diversified Sav. Bank, 914 F.2d 1271 (9th Cir 1990), cert. denied, 498 U.S. 1088, 111 S. Ct. 966, 112 L. Ed. 2d 1052 (1991).

Here, Plaintiffs do not dispute that during the Policy Period, Hartford received only one notice addressed **Attention D&O Claims**, and that was a letter from Plaintiffs' authorized agent, dated June 26, 2002 and advising Hartford that CBC's directors and officers "may be subject to

claims." Nor do they dispute that the June 26th letter enclosed only the Dismissal Order. Based on the express language of Section VIII(B), Plaintiffs cannot reasonably assert that they expected that any materials provided to Hartford's Underwriters would be sufficient to comply with Section VIII's requirement of notice in order to preserve coverage for claims made after the Policy Period expired.

Accordingly, Plaintiffs' reliance upon – or desire to review – any other "information and notices" submitted to Hartford is irrelevant. Pursuant to the express terms of the Policy, the only issue this Court must resolve in order to dispose of this matter is whether the Dismissal Order and the June 26th letter provide notice to Hartford of specific Wrongful Acts by Messrs. Asche, Levine, Reed, Cuevas and Dunlap with the particularity required by Section VIII(A) of the Policy; that is, does the June 26th correspondence set forth the particulars as to the reasons for anticipating a Claim against Plaintiffs, and the nature and dates of the alleged Wrongful Act, and the alleged damages sustained, and the names of potential claimants, and any Director or Officer involved in the alleged Wrongful Act and the manner in which the Insureds first became aware of the specific Wrongful Act. These materials have been submitted to the Court; the matter is ripe for adjudication.

Finally, to the extent that Plaintiffs may argue that the regulatory exclusion does not apply to the FDIC and CDOB Actions, no discovery is required. All of the relevant facts are in the record: all that is required to adjudicate the application of the regulatory exclusion in this case is the Policy, the Settlement Agreement with the FDIC and the Settlement Agreement with the CDOB. Hartford respectfully asks the Court to deny Plaintiffs' motion to compel discovery and for a continuance of Hartford's Motion for Summary Judgment and, further, to find that the

Insureds failed to comply with the notice provisions of the Policy, or, alternatively, that the regulatory exclusion excludes coverage for the FDIC Action and the CDOB Action.

Dated: January 31, 2005

Respectfully submitted,

*W. Joe Wilson*

W. Joe Wilson (ct22292)
jwilson@tylercooper.com
William H. Champlin III (ct04202)
champlin@tylercooper.com
TYLER COOPER & ALCORN, LLP
185 Aslyum Street
CityPlace/35th Floor
Hartford, CT 06103-3488
(860) 725-6200
Fax (860) 278-3802
*Attorneys for Defendant
Hartford Insurance Company of Illinois*

Of Counsel:   Alan J. Joaquin
Alison M. Jarandeh
DRINKER BIDDLE & REATH
1500 K Street N.W.
Suite 1100
Washington, D.C. 20005
(202) 842-8800
Fax (202) 842-8465

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MARSHALL ASCHE, STEVEN B. LEVINE, TIMOTHY S. REED, MARCIAL CUEVAS and JACK WILLIAM DUNLAP, <br><br> Plaintiffs, <br><br> v. <br><br> HARTFORD INSURANCE COMPANY OF ILLINOIS, <br><br> Defendant. | Case No. 303CV0416 PCD <br><br> **CERTIFICATE OF SERVICE** |

W. Joe Wilson, an attorney admitted to practice in the United States District Court for the District of Connecticut certifies, pursuant to 28 U.S.C. §1746, under penalty of perjury, that on January 31, 2005, I served the attached Opposition to Plaintiffs' Cross Motion to Compel and For a Continuance upon all counsel of record in this action by depositing true copies of the same, each enclosed in a pre-paid envelope, in a depository maintained by the United States Postal Service in the City and State of Connecticut, addressed to the following at the address provided by each for that purpose, to wit:

Charles A. Stewart, III
Stewart Occhipinti LLP
1350 Broadway, Ste. 2200
New York, NY 10018

Richard P. Weinstein
Weinstein & Wisser P.C.
29 South Main Street, Suite 207
West Hartford, CT 06107

Dated: January 31, 2005

_____
W. Joe Wilson

- 8 -